FRANK HATCHELL v. ARNOLD HEBEISEN AND MARIE HEBEISEN.

(Filed September 7 1905.)

ACTION—May Be Brought on Grounds of Former Action, When—Statutes Construed. The purpose of section 4221, Wilson's Revised and Annotated Statutes, 1903, is to save to the plaintiff in an action commenced within due time, the right to commence a new action within one year, where he has failed in such action otherwise than upon the merits, and the time limited within which to commence the same shall have expired, for the same cause as that of his former action and not for a cause of action which has accrued to the plaintiff subsequent to the causes set forth in his original action.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before
B. T. Hainer, Trial Judge.*

*Cline & Duval,* and *Dale & Bierer,* for plaintiff in error.

*C. W. Ransom,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.:   This is an action of unlawful detainer,
to recover possession of the west one-half of the northeast
quarter of section 28, north range 1, east Indian Meridian,
Kay county.

On October 27, 1896, Arnold Hebeisen filed a homestead
entry on the land in question.   Frank Hatchell contested it,
claiming to be a prior settler.   The contest was decided by
the land department in favor of Hatchell.   Motion for re-
view was denied, and Hebeisen's homestead entry was can-
celed as a result thereof.

Hatchell was allowed to file on the land on December
12, 1899.   Hebeisen then filed a petition asking for depart-
ment supervisory authority, which petition was granted May
11, 1900.   Three days later on May 14, 1900, Hatchell com-
menced an action of unlawful detainer, in the probate court
of Kay county against Hebeisen and his wife, which resulted
in a judgment in the probate court against Hebeisen and
his wife.   From that judgment the defendants appealed to
the district court.

On September 15, 1900, the application of Hebeisen for
a rehearing was denied by the secretary, and the homestead
entry of Hatchell left intact.

On October 26, 1900, the unlawful. detainer case was
tried in the district court, which also resulted in a judgment

against Hebeisen and his wife. The case was appealed to this court; and on July 8, 1902, the judgment of the district court was reversed, and the district court was directed to dismiss the action, and to tax all of the costs to Hatchell for the reason that an action of unlawful detainer will not lie until the contest proceedings are finally closed in the land department and the land awarded.

On September 15, 1902, the case was dismissed in the district court of Kay county, in pursuance to the mandate of this court.

This case was commenced on the 23rd day of March, 1903, before W. J. Smart, a justice of the peace, at Newkirk, and is for the recovery of the possession of the west eighty acres of the quarter section, and resulted in a judgment against the defendants in error. An appeal was taken to the district court of Kay county, and resulted in a judgment for defendants in error. A motion for a new trial was heard and overruled by the court, exceptions saved, and plaintiff in error brings the case here by petition in error and case-made. At all of the times mentioned each party was in possession of eighty acres of the land.

The trial court held that this action, not having been commenced before the justice within two years after the final decision of the land department, in the contest proceeding on the application of Hebeisen for a rehearing, was barred by the statute of limitation.

It is contended by counsel for plaintiff in error, that under the provisions of section 4221, Wilson's Statutes, that plaintiff had one year from the time that the former action was reversed. Section 4221, *supra* reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

As before stated the former action was commenced in the probate court some three days after the department of the interior had sustained an application to resume a supervisory control over the land in controversy. In that case this court held that the courts could not entertain jurisdiction until the case was finally closed in the land department, and directed that the action be dismissed.

This action was commenced within one year from the date of the judgment of this court and the judgment entered in the district court upon the mandate of this court.

The purpose of the statute is to save the plaintiff in action, the right to commence a new action within one year where he has failed in such action otherwise than upon the merits. A new action however, must be for the same cause as that of former action; it cannot be for a cause of action which has accrued to the plaintiff subsequent to the causes set forth in his original action.

The statute was only intended to save the plaintiff the right to commence a new action for the same causes as in his original action and to allow him a trial upon the merits.

In the complaint filed in the probate court in the former action, May 14th, 1900, it is charged that the defendants, Hebeisen and wife, have possession of and wrongfully, unlawfully and forcibly detained the same have so done since September, 1899, and that notice to quit was given on May

9th., 1900; while in the complaint in this case it is charged that on the 7th day of October, 1902, the defendants, Hebeisen and wife, and each of them wrongfully and by force hold possession and ever since have held and still hold possession, and the notice to quit was given on the 17th day of March, 1903. The two actions are entirely separate and distinct. There is nothing in the complaint in this cause which in any way identifies it with the former action. It is true that it is an action for unlawful detainer, and for the possession of the same land; but the acts complained of which constitute the causes of action are entirely different. In the fact the record discloses that at the trial it was claimed that Hebeisen, subsequent to the commencement of the former action, and prior to the commencement of this action, had surrendered the possession of the land, except a small portion thereof, and had again entered and taken possession.

Counsel for plaintiff in error have cited a number of authorities from the supreme court of the state of Kansas, but all of the authorities cited are cases which were brought for the same causes, and not actions brought for a separate and different cause, and are not in point, for this case is in no wise a renewal of the former causes of action.

The language of the statutes which authorizes the plaintiff to commence a *new* action does not give the right to commence an action for a new or different cause.

The ruling of the trial court so holding was right. This being the only question raised and argued by counsel for plaintiff in error, the judgment of the district court of Kay county is affirmed, with costs to the plaintiff in error.

Hainer, J., who presided in the court below, not sitting: all the other Justices concurring.