**TANNER, Adm'x, et al. v. SCHULTZ et al.**

No. 12608—Opinion Filed Jan. 29, 1924.

**1. Infants—Protection by Courts—Guardian ad Litem.**

It is the duty of courts to guard with zealous care the rights of minors in actions brought against them. No presumption against an infant can be permitted, but, on the contrary, every presumption is indulged in his favor, and a guardian ad litem must see to it that every question available in the defense of his ward is urged and acted upon by the court; and in case of the failure of the guardian ad litem to properly discharge his duty in that or any other respect, it becomes the imperative duty of the court to protect the infant's rights.

**2. Same—Service of Process.**

Where the defendant is a minor under the age of fourteen years, service of summons must be upon him and upon his guardian or father, or, if neither of these can be found, then upon his mother, or the person having the care and control of the infant, or with whom he lives; if neither of these can be found, or if the minor be more than fourteen years of age, service on him alone will be sufficient.

**3. Same—Waiver.**

An infant cannot waive the issuance and service of summons, nor can any person, not even his guardian, do so for him.

**4. Same—Service of Process a Prerequisite to Appointment of Guardian ad Litem.**

A court cannot appoint a guardian ad litem for an infant until after service of summons has been made as required by statute. Bolling et al. v. Campbell, 36 Okla. 671, 128 Pac. 1091.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by Gertie Schultz and Grace Depew against Essie Tanner, administratrix of the estate of Frederick C. Tanner, and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Wade H. Loofbourrow and R. H. Loofbourrow, for plaintiffs in error.

B. F. Willett and M. A. Holcomb, for defendants in error.

Opinion by JONES, C. On the 8th day of February, 1915, Gertie Schultz instituted suit against Frederick C. Tanner in the district court of Harper county, state of Oklahoma, No. 902, to cancel a certain deed of conveyance to lands in Harper county occupied by the defendant, Frederick C. Tanner, plaintiff alleging that the deed under which the defendant held the property was a forgery, and asking that same be canceled. The record discloses that Frederick C. Tanner, the defendant herein, was the son of Mary E. Tanner and S. W. Tanner. The land in controversy seems to have originally been the property of the said Mary E. Tanner and S. W. Tanner. Mary E. Tanner died November 1, 1908, and a short time thereafter, according to the evidence of the plaintiff herein, Gertie Schultz, nee Tanner, was induced by her father, S. W. Tanner, to subscribe or sign the name of her mother, Mary E. Tanner, to a certain instrument, which, according to the evidence, afterwards developed to be the deed in question. On October 16, 1916, subsequent to the filing of this suit the defendant, Frederick C. Tanner, died, and one year and one day thereafter the suit, on motion of plaintiff, was revived in the name of Essie Tanner, wife of the deceased, who was the administratrix of Frederick C. Tanner's estate and in possession

of the property in controversy at all times after her husband's death. Various pleadings were filed, and on March 4, 1919, on motion of the plaintiff, Gertie Schultz, the cause No. 902 was dismissed without prejudice at the cost of the plaintiff, and on March 29, 1919, a petition was filed and numbered 1365, constituting a new suit or action by Gertie Schultz and Grace Depew, who by leave of the court had been made a party plaintiff in cause No. 902; this suit was against Essie Tanner, administratrix of the estate of Frederick C. Tanner, deceased, Helen Tanner, Ruth Tanner, Gladys Tanner, Alice Tanner, Frederick Tanner, and Clayton Tanner, minor children of Frederick G. Tanner, deceased, and Essie Tanner. A demurrer was thereafter filed to the petition and while the record fails to disclose what disposition was made of same, we assume it was sustained as the record discloses that on June 28, 1919, an amended petition was filed. And on December 19, 1919, answer was filed by defendant Essie Tanner. Reply filed January 3, 1920, and on March 23, 1921, the issues thus joined were tried by the court without the intervention of a jury and resulted in judgment by the court for the plaintiffs, from which judgment the defendants appeal.

The first proposition or contention made by plaintiffs in error is that the action abated on the death of Frederick C. Tanner, defendant in the original suit, and was never properly revived, but we take it that this question is not material, for as we understand the record in this case the original case No. 902 was dismissed on motion of plaintiffs on March 14, 1919, wherein Gertie Schultz was plaintiff and Frederick Tanner defendant, and on March 29, 1919, a petition was filed and numbered 1365, wherein Gertie Schutlz and Grace Depew were plaintiffs (appellees herein) and Essie Tanner, administratrix of the estate of Frederick C. Tanner, deceased, Essie Tanner, widow of Frederick C. Tanner, deceased, and Helen, Ruth, Gladys, Alice, Frederick, and Clayton Tanner, minor children of said Frederick C. Tanner, and Essie Tanner, defendants, and this is the petition that appears in the case-made, and we assume the one on which the trial was had. The record does not disclose any order of consolidation of the two cases, nor does it show that the order of dismissal was ever set aside, and for the reason as above stated, we are unable to see the relevancy of this contention.

The second contention made is that the case should be reversed for the reason that no service of summons was ever had on either of the six minor children named as parties defendant, and that no guardian ad litem was ever appointed, and while this question is raised for the first time in this court, we think it a very meritorious contention. Section 216, Comp. Stat. 1921, provides:

"The defense of an infant must be by a guardian for the suit who may be appointed by the court in which the action is prosecuted, or by the judge thereof, or by a county judge. The appointment cannot be made until after the service of summons in the action, as directed in this code."

Section 249 provides for the manner of obtaining services on the minor or infant:

"When the defendant is a minor, under the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of these can be found then, upon his mother or the person having care or control of the infant or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service upon him alone will be sufficient. The manner of service may be the same as in the case of adults."

The effect of the statutes above quoted has been determined by this court in the case of Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071, and Bolling v. Campbell, 36 Okla. 671, 128 Pac. 1091, and they are held to be mandatory, and that a failure to obtain service upon minors as required, leaves the court without jurisdiction to try and determine matters wherein minors are interested. This question, we think, is decisive of the rights of the parties, so far as this appeal is concerned, and while we regret to reverse this case, in view of the fact that it has been in court for many years, and so far as we are able to determine from the record before us the judgment of the court seems to be a correct determination of the rights of the parties, but as we understand the law the court was without jurisdiction to try and determine the rights of these minors, and, it being a statutory right which has been disregarded, the harmless error doctrine cannot be applied, and we therefore recommend that the case be reversed, and remanded to the lower court for a new trial, with directions that proper service be obtained and that a guardian ad litem be appointed to represent the interest of said minors.

By the Court: It is so ordered.