## DOWNING v. DOWNING.

No. 17254—Opinion Filed Oct. 5, 1926.

(Syllabus.)

### 1. Appeal and Error—Double Appeal—Extent of Review.

This court will not review two separate and distinct judgments rendered in two separate and distinct cases merely because the parties stipulate to that effect and attach the record in one case to the record in the other, but when a petition in error is filed to which is attached, as an exhibit, a complete case-made at which the allegations of error are directed, the assignments of error will be considered on the record to which such petition in error is so attached, although there be an attempt to attach thereto the record in a separate and distinct case.

### 2. Divorce—Grant of Alimony Authorized Under Prayer "for General Relief."

Alimony, where granted at the time a decree of divorce is awarded, is a mere incident to such decree. Where the petition pleading grounds for divorce prays therefor specifically and "for general relief," a decree granting alimony will not be set aside on the ground that there was no specific prayer for alimony.

Error from District Court, Caddo County: Will Linn, Judge.

Action by Carrie Downing against James H. Downing. Judgment for plaintiff, and defendant brings error. Affirmed.

Pruett & Wamsley, for plaintiff in error.

Morris, Johnson & Wilhite, for defendant in error

BRANSON, V. C. J. James H. Downing prosecuted error herein against Carrie Downing. The plaintiff in error seeks a reversal of two separate and distinct judgments of the district court of Caddo county. The judgment in one case was rendered in cause No. 5446 on the docket of that court. The judgment in the other case was rendered in cause No. 6125 on the docket of that court. Judgment was rendered against him in each case and in favor of Carrie Downing. For some reason not apparent to this court the parties through their respective attorneys of record stipulated that the causes "on appeal to the Supreme Court of the state of Oklahoma" might be consolidated, "and that the case-made in each of said cases may be filed in the Supreme Court of the state of Oklahoma as one case, and that there may be one petition in error covering both cases and that both sides may brief the same as one case. It is further stipulated and agreed that such order of consolidation of these two cases on appeal may be made as it may think proper, and to render on final decision such orders and judgment touching each case as it may deem just and proper."

It will be noted that the stipulation recites that this court may make such order of consolidation as it may think **proper**. If we deemed it proper to consolidate two cases in this court and consider them together, we would find that the parties lodge only one case in this court, to which is attached a petition in error. There is nothing before this court to consolidate. In truth and in fact the parties have attempted to bring to this court the record in two separate and distinct cases tried by the district court, seeking a review of both cases by this sort of procedure. Though confronted with devious ways of counsel in the multitude of suits presented here, we know of no reported case which sanctions this kind of practice. It is foreign to any method known to the law of this state giving or purporting to give an aggrieved party the right of appeal. This court on its own motion dismisses the pretended appeal from the judgment of the district court rendered in case No. 6125 on its docket, the record in which is merely attached to the record in case No. 5446. The record in the appeal presents error from the judgment rendered in cause 5446.

No. 5446 was a divorce action. Carrie Downing sued James H. Downing for a decree of absolute divorce; James H. Downing waived the issuance and service of summons, entered his appearance therein and took 20 days in which to plead to the petition. He did not plead. On the 31st day of January, 1924, the plaintiff was granted a decree of divorce together with attorney fees, and a certain piece of real property, located in the town of Carnegie and described in the decree, was "given, granted, and awarded" to the plaintiff as alimony. The judgment was subsequently modified by striking out the allowance of attorney fee. This judgment remained of record and not questioned from the said 31st day of January, 1924, until October 5, 1925, when the said James H. Downing filed what he denominates a "motion to vacate judgment." Notice thereof was served upon counsel for said Carrie Downing on the 31st day of October, 1925. The motion to vacate was directed at that part of the decree which awarded the said Carrie Downing the real estate and, summarized, is bottomed on the contention that the petition never contained any provision or prayer for alimony or division of property; that subsequent to the waiver of summons and by interlineation

certain words were added to the original petition which supplied the said defect and that said amendments were incorporated in said petition without notice to the defendant or his attorney. That the decree granting the alimony was entered without jurisdiction of the person of the defendant, and that said part of the judgment is void. Further contention is made that the decree awarded permanent attorney fees, which was beyond its allegations or prayer.

On hearing, this so-called motion to vacate was denied, and it is this judgment he would have this court reverse in this appeal.

Before the filing of the said motion to vacate the judgment rendered in said cause No. 5446, the said Carrie Downing had on August 14, 1925, filed cause No. 6125 on the docket of the district court of Caddo county. That action was against the said James H. Downing and its purpose was to quiet her title in and to the real estate so decreed her as alimony in the judgment of January 31, 1924, in cause No. 5446.

We go to the alleged error of the trial court in refusing to modify the judgment of January 31, 1924. The so-called motion to vacate the judgment granting a divorce nowhere called to the attention of the trial court the first specification of error urged in appellant's brief. This specifically recites:

"That the petition in case No. 5446, as originally filed and as it existed in the records at the time the defendant signed his waiver of summons, did not state facts sufficient to entitle the plaintiff to a decree of divorce. * * *"

Even had this been set up in the "motion" to vacate the judgment, which we presumed was considered by the trial court as a "petition" under section 810, C. O. S. 1921, we entertain no doubt as to the sufficiency of the petition on which the decree was entered. The petition recited that the plaintiff and defendant were married in Caddo county in 1918; that they resided in Carnegie in said county for a considerable time; that the defendant induced the plaintiff against her will to go with him, as he said temporarily, to the state of New Mexico with the understanding that their stay in that state would only be of short duration, their legal residence being continued in Oklahoma; that on reaching New Mexico the defendant took the plaintiff upon a ranch, located her in a shack far removed from associates, surrounded solely by the wilds of the plains, and required her to remain a large part of the time alone. Desolation, monotony, and compelled absence of any opportunity of diversion, and lack of associations were allotted to her. In an atmosphere completely devoid of refinement, stripped of all of the associations and opportunities she possessed at the time of their marriage, with no remuneration coming to him of any consequence, her efforts in trying to make the shack a home were futile. Required to remain under such circumstances for more than two years, her nervous system was affected; she all but lost her health. In such condition she was forced to return alone to the place where he had promised her he would in a short time return with her but which promise he had failed to carry out because of his apparent attachment to the wild life of his new surroundings, all of which was apparently in total disregard of the effect such conditions had upon her. This in substance was the contention of the plaintiff, brought about by the defendant. We think such a situation was such a gross disregard of her life as to be within the meaning of the statute gross neglect of duty, if not indeed extreme cruelty. It is amply sufficient to warrant the trial court to grant the relief which she prayed. We do not find fault with the authorities cited by the appellant: DeVry v. DeVry, 46 Okla. 254, 148 Pac. 840; 19 C. J. 59; Davis v. Davis, 61 Okla. 275, 161 Pac. 190; Swanda v. Swanda, 105 Okla. 160, 232 Pac. 62. But the cases there in question did not involve a state of facts as alleged in the instant petition.

The next contention is that the petition did not pray for permanent alimony or division of property and did not state facts sufficient to give the court jurisdiction to award the same, and that the amendments by interlineation without notice to the defendant were made after the signing of the waiver of issuance of summons and that the same were void and conferred no jurisdiction on the court for such purpose over the person of the defendant.

We deem it necessary to discuss but one proposition in connection with this contention. The attorney fee referred to was not granted by the trial court, and therefore the defendant was not injured by this amendment. The alimony was granted, but the petition failed to set out a description of the property which the defendant and the plaintiff owned in the town of Carnegie, and since there was no specific prayer for alimony, he says there was no jurisdiction in the court to grant the same.

The prayer in the petition was specific and for general relief, and the power of the court under such prayer is well settled in this jurisdiction. It is clearly and distinctly announced

in the case of Haven v. Trammell, 79 Okla. 309, 193 Pac. 631, wherein this court said:

"Where a petition for divorce contains a prayer for general equitable relief, but does not specifically pray for alimony, alimony, being a mere incident to divorce, may be properly awarded."

There is no contention in this case that the amendments complained of by the appellant were properly in the petition, but the contention is that the petition was sufficient without the amendments. The law as announcel in the said case of Haven v. Trammell is not only supported by our statute, section 4969, Rev. L. 1910, section 508, C. O. S. 1921, but by well-considered authorities. R. C. L. vol. 1, 883; 19 C. J. 283; Gaston v. Gaston (Cal.) 46 Pac. 609.

We think that the judgment of the trial court in refusing to vacate the judgment of January 31, 1924, awarding a decree of divorce and setting aside the property in question to the plaintiff, was without error. Affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 355, §108. (2) 19 C. J. p. 285, §655.