## SEDDICUM v. SEDDICUM.

No. 21910.     Feb. 27, 1934.

Joseph J. Rosenbloom and Mark L. Bozarth, for plaintiff in error.

Logan Stephenson, Ethel M. Proffitt, and Jas. M. Shackelford, for defendant in error.

PER CURIAM. This was an action for divorce, custody of the minor child of the parties, and for support and alimony.

At the conclusion of the trial, a decree

was made granting the plaintiff a divorce and awarding the custody of the minor daughter of the parties to her during the school months of the year, and to the defendant during the vacation period, with the right of visitation to each.

The parties will be designated as plaintiff and defendant, as they appeared in the trial court.

The petition in error sets forth assignments of error as follows:

"First, that the court erred in overruling the motion of plaintiff in error for a new trial.

"Second, that the court erred in admitting evidence on the part of the defendant in error.

"Third, said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error.

"Fourth, that the court erred in awarding the custody of the minor child to the defendant in error."

The second and third grounds of error mentioned are not argued. No part of the evidence received or excluded was set out or referred to. Those grounds are accordingly waived. Francis v. First Nat. Bank of Eufaula, 40 Okla. 267, 138 P. 140; Cox v. Kirkwood, 59 Okla. 183, 158 P. 930; Bartlesville Zinc Co. v. James, 66 Okla. 24, 166 P. 1054, and In re First State Bank of Oklahoma City, 68 Okla. 88, 171 P. 864. The only ground in the motion for new trial not covered by the fourth specification of error is that: "The court erred in not decreeing any alimony to the plaintiff."

In awarding the custody of children, the best interest and welfare of the child is the paramount question, and courts must be guided first by what appears to be for their "temporal, mental and moral welfare." It is the duty of courts so to situate and circumscribe a child, if possible, not only that it will be properly maintained, but that its health will be conserved, and its educational, social, and religious opportunities will be advanced. It has been said that upon the fulfillment of that degree of providing for its "temporal, mental, and moral welfare" depends the "benefits which the government may derive from a good citizen or the detriment it may sustain from a bad one." Morris v. Morris, 81 Okla. 222, 198 P. 70; McAdoo v. McAdoo, 137 Okla. 12, 277 P. 943, and Barnett v. Barnett, 158 Okla. 270, 13 P. (2d) 104.

Parental love is one of the strongest ties in human relationships. It has been said to be a "dominant trait in the heart of a mother." It and her influence and protection should be weighed strongly in favor of the mother, if she is a fit and proper person to rear a child, and the child is one of tender years, as the one involved in this case, rather than to consign the responsibility of moulding the life and character of the child to another. Morris v. Morris, supra.

We are urged to award the exclusive custody of the child to the mother. Whichever parent has the custody of the child, it will make its home in that of its grandparents. Nothing appears in the record to show that the influence for the child in either home will not be the best. The defendant seemed reluctant to answer directly that if given the custody of the child he would make his home and hers with his father and mother, but it seems from the evidence that such arrangements will be made. These grandparents also love the child, and we think the influence in that home will be proper.

As good provision as seems possible under the circumstances seems to have been made for the health, maintenance, and educational, social, and religious opportunities of the child, and this court cannot say that the trial court abused its discretion in the decree as to the custody of the child. If the conduct or situation of any person in interest changes, or for any reason the best interest of the child seems to require it, the court having jurisdiction may subsequently modify the decree in this respect. Morris v. Morris, supra.

It is, however, made a condition to the defendant's right to the custody of the child during June, July, and August of each year that he be not in default in the payment of any monthly installment of support money for the child, the same to be paid to the court clerk of Okmulgee county, Okla., on the first day of each month. If the defendant shall be in arrears for any monthly installment on the first day of any June in any year, then he shall not have the custody of said child until such arrearages shall have been paid in full, on the payment of which he shall have the custody provided for.

It is a further condition that the minor child shall not be taken from this state without the consent of the trial court.

The principals in this litigation were

young when they were married September 5, 1923, and lived together the greater part of the time until in March, 1929. Each of them seems to be trained for office work. The plaintiff seems to have kept the home while they were living together, concerning which there is no complaint.

It does not appear how much, if any, of the time in the litigants' married life the defendant was idle. At the time of their separation in March, 1929, and during all the time they lived in Tulsa, the defendant was receiving a salary of $225 per month. This all seems to have been lived up as earned, though there is no complaint that the plaintiff was extravagant.

From a view of the entire record, we do not feel justified in reversing this part of the decree. The trial court had the benefit of the acquaintance of local conditions; he heard the testimony of the witnesses, and could distinguish any shades, if any, in it, and was better able to judge of the facts than we are, so we are unable to say as a matter of right that the decree should be reversed.

The judgment, as hereby modified, is in all things affirmed.

The Supreme Court acknowledges the aid of District Judge Arthur G. Sutton, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.