## WOODS v. STATE.

No. 34343.    April 1, 1952.

Rehearing Denied July 8, 1952.

*249 P. 2d 99.*

Milton W. Hardy and Summers Hardy, Tulsa, for plaintiff in error.

Elmer W. Adams, Co. Atty., Paul D. Fielding, Jr., Asst. Co. Atty., and W. H. Gilliam, Tulsa, for defendant in error.

JOHNSON, J.    The parties herein occupy the same relative position as in the trial court and hereafter they will be referred to as plaintiff and defendant, respectively.

The defendant, Ad V. Woods, a minor nineteen years old, was charged in the county court of Tulsa county, Oklahoma, on a charge of bastardy and tried and found guilty. From the judgment of the county court adjudging the defendant to be the father of the expected child and ordering him to pay the sum of $25 per month for the child's support, defendant appeals.

Twelve specifications of error are made by the defendant, which he presents and argues under nine propositions.

The substance of the first two and seventh propositions are: (a) that the court had no jurisdiction over the minor defendant because no process (summons or warrant of arrest) was served and returned according to law; (b) that a minor cannot be tried for bastardy the same day his guardian ad litem is appointed by the court and that the minor defendant was over 14 years old but was not given opportunity to nominate his guardian ad litem.

It is the contention of the defendant that these propositions are sustained by the rules approved or announced in Posey v. State, 124 Okla. 278, 255 P. 697. In this case we approved the rules in Halton v. State, 99 Okla. 92, 225 P. 894; Sealy v. Smith, 81 Okla. 97, 197 P. 490; Echols v. Reeburgh, 62 Okla. 67, 161 P. 1065; that an action brought against the father of an illegitimate child for bastardy is in the nature of a special proceeding to be tried as a civil action and governed

by our statutes on civil pleading and procedure; and, in case the defendant is an infant (minor), a guardian must be appointed, and that the appointment of a guardian cannot be made until after the service of summons on the minor defendant as directed by our statutes, and that such statutes are mandatory and must be strictly complied with. However, in Posey v. State, supra, admittedly no service of summons upon the minor was shown, and therein counsel stated, after his appointment as guardian ad litem, that he was not positive what pleadings were required in a bastardy proceeding, but knew a guardian could not waive any rights of the minor; that no service of summons had been made upon the minor or his guardian, and he did not know whether it was a criminal or civil proceeding and desired a reasonable time to plead. Whereupon the state announced ready for trial and the court asked the guardian and his associate counsel if they were ready and upon their statement that they were not ready, the court proceeded to empanel a jury and try the cause. This court held that this action on the part of the court was an abuse of discretion and reversed the case and granted the defendant a new trial, and as to the proceedings therein, it was said:

" 'To compel parties, over their objection to proceed to the trial of a case at a date earlier than ten days after the issues are made up, as provided by section 5043, R. L. 1910 (sec. 582, C. O. S. 1921) is a denial of a substantial right of such parties, and is prejudicial error.' Harn et ux. v. Interstate Building & Loan Co. et al., 68 Okla. 227, 172 P. 1081.

"While an action brought under article 3, chap. 70, C. O. S. 1921, is to be tried as a civil action, it is a special proceeding under which defendant may be brought into court upon a warrant, and then required to furnish security for his appearance at a future date.

"Certainly, his arrest, the reading of the complaint, and the setting of the bail bond, and his appearance being required thereunder, are sufficient to advise him of the nature of the action, and we think it would be an idle pursuit to file a praecipe and have summons issued and served as in a civil action, and it is therefore held, in such case, the arrest, arraignment, and reading of the complaint obviate the necessity of summons as in a civil proceeding.

"However that may be, the action is one in which, if defendant be found guilty, his property rights are materially affected, and the case may not proceed against him until after a guardian has been appointed, and the issues are made up, if he be a minor, and this court has, by a long line of decisions, determined that a guardian cannot waive any of the substantial rights of his minor ward, but must contest the action at every step of the proceedings. McCloy & Trotter v. Arnett, 47 Ark. 445; Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231."

Thus it is seen that in the Posey case, supra, the defendant was compelled to enter a plea and proceed to trial over his and his attorney's objections. Herein, the defendant was not compelled to enter a plea and no objection was made and, admittedly, defendant was not surprised or prejudiced by proceeding to trial. The waivers were such matters as to facilitate a trial and did not affect the substantial rights of the minor. Franklin v. Margay Oil Corporation, 194 Okla. 519, 153 P. 2d 486.

The record here does not show any service of summons, or a warrant of arrest, but it does show that the court was informed of the minority of defendant and the defendant was arrested and that the state made a request for the appointment of a guardian ad litem; that pursuant thereto the trial court made an order (omitting the caption) which reads:

"This matter coming on for hearing on the 24th day of March, 1949, upon the application of the plaintiff herein for the appointment of a guardian ad litem in this cause for said defendant, Ad V. Woods, and it appearing to the court that said defendant is a minor under the age of twenty-one years, that a warrant of arrest has been duly

served on said minor on the 24th day of March, 1949, and that the said defendant and his attorney, Milton Hardy, consent and agree to the appointment of a guardian ad litem instanter, and the court being satisfied that sufficient grounds exist for the appointment of a guardian ad litem herein and that J. W. Woods is defendant's brother, and a proper person for said appointment.

"It is therefore ordered that the said J. W. Woods be, and he is hereby appointed guardian ad litem for said defendant, Ad V. Woods, in this action."

The guardian ad litem, after answer of defendant had been filed, was asked by the court if it was agreeable to proceed to the hearing and determination of the case without further delay, to which he agreed. Defendant's attorney, representing the defendant in this appeal, thereupon stated:

"For the record, Your Honor, may I state what the facts were leading up—I think that should be in there—approximately a week ago the defendant came back from Camp Chaffee, Arkansas, upon the request of the County Attorney, on investigation of this particular case, and in negotiations with the County Attorney the boy's leave ran out as of Monday of this week, and, with the assistance of the County Attorney who helped us, we asked for an additional extension until the 27th of this month so that the trial could be disposed of and, in so far as this boy is concerned—we have actually been working on it since Wednesday or Thursday of last week—I don't believe there is any prejudice or surprise to him by proceeding at this time."

In this connection it is contended by the defendant that this conduct of the guardian ad litem was a waiver of the substantial rights of his ward, and a failure to properly contest the action at every step of the proceedings, relying on Posey v. State, supra. We do not agree. The Posey case eliminates the necessity of service of summons in bastardy cases before a guardian ad litem is appointed, where the defendant

has been arrested and made bond in the proceedings as was done in the case at bar. Answer to defendant's contention is found in the case of Franklin v. Margay Oil Corp., supra, wherein we said:

"It may be noted that although a guardian ad litem cannot waive or admit away any substantial rights of the infant or consent to anything which may be prejudicial to him, the guardian ad litem may make a valid consent or waiver as to matters which facilitate a trial which cannot prejudicially affect the rights of the infant. 31 C. J. 1143. In Kingsbury v. Buckner, 134 U. S. 650, 10 S. Ct. 638, 33 L. Ed. 1047, it is held: 'The rule that a next friend or guardian ad litem cannot, by admissions or stipulations surrender the rights of the infant does not prevent a guardian ad litem or prochein ami from assenting to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved'. . ."

The contention that the minor was over 14 years old and was not allowed the privilege of nominating his guardian under Title 12 O. S. 1941 §§228 and 229 is without merit. The record discloses that prior to the appointment of defendant's brother as his guardian, his brother had been consulted, and according to the statement of his attorneys, had employed counsel and prepared a defense. It is not contended or indicated by defendant that he would have selected another. His brother, I. W. Woods, was shown to be well qualified, and since defendant's father was deceased, we think the appointment of an older brother was proper under the circumstances.

As to defendant's other propositions, we deem it necessary to discuss only the eighth which is that the judgment or final order is contrary to the evidence.

The evidence is in some respects conflicting, but there was ample evidence to sustain the judgment of the trial court, and we will not set aside a judgment of a trial court where there is

any competent evidence in the record reasonably tending to sustain such judgment.

From a thorough examination of the entire record, we think that all of the substantial rights of the defendant were fully protected in the trial of his cause. The judgment is affirmed.