· James Louis STEPHENS, Plaintiff in Error,

v.

Mary Catherine STEPHENS, Defendant in Error.

No. 37504.

Supreme Court of Oklahoma.

May 14, 1957.

Milton Keen, Oklahoma City, for plaintiff in error.

Gomer Smith, Jr., Charles I. Allen, Oklahoma City, for defendant in error.

PER CURIAM.

Mary Catherine Stephens was granted a divorce in an action brought by her in the district court. James Louis Stephens, the defendant husband, has appealed, urging error as to that part of the decree granting plaintiff $100 temporary support, $150 attorney fees and $600 alimony payable $50 per month. The defendant, here plaintiff in error, asks that this court reverse only the portion of the judgment granting such relief to plaintiff. Such action would leave undisturbed the remaining part of the decree granting plaintiff a divorce on the ground of incompatibility, with restoration of her maiden name.

The parties had been married for only a few weeks before separation and plaintiff was of the age of eighteen and defendant nineteen at the time this action was filed. A guardian ad litem was appointed for the defendant and it is upon the basis of his minority and the fact that the divorce was granted upon the ground of incompatibility that error is predicated. The argument on behalf of the defendant is made under two propositions:

"Proposition No. 1

"The trial court erred in putting infant defendant to trial without cause having been at issue ten days, to prejudice of defendant's rights by rendering Alimony judgment although plaintiff had not sought alimony in her petition."

"Proposition No. 2

"Incompatibility not being grounds for any relief other than decree of divorce, the trial court erred in the assessment of recovery for plaintiff; and the same was an abuse of judicial discretion, and is not sustained by sufficient evidence, and is contrary to law."

The cause was tried on a date previously set by the court for hearing on a contempt citation issued to defendant for failure to make temporary payments for plaintiff's support and attorney fees. Guardian ad litem for defendant had filed an answer and cross-petition prior to the trial and defendant's attorney in announcing ready for trial stated: * * * and, we are here today to get this lawsuit over with. And, I think we can safely stipulate the residence of the parties; and the jurisdiction of this court, and we have no reason to request, or require, any testimony on that, or even on the grounds for divorce, other than what the court requires as a matter of law."

The case of Woods v. State, 207 Okl. 1, 249 P.2d 99, is cited in support of defendant's first proposition. It is pointed out that under the rule applied in that case, though a guardian ad litem cannot waive or admit any substantial rights of a minor, or consent to anything which may be prejudicial to him, the guardian may make a valid consent or waiver as to matters which facilitate a trial, if the rights of the minor are not prejudicially affected.

It is apparent from the statement of counsel for defendant that he had full knowledge of the issues between the parties and of the facts from which a determination of the cause should be made by the trial court. It was his expressed desire that the matter be concluded on that date. It is clear to us and we do not understand that it is otherwise contended, that under the rule of the Woods case, supra, the situation of the case at bar suggests an effective and valid waiver of any right to postponement of the trial, unless it can be said, as insisted on defendant's behalf, that the allowance of alimony in the decree, where such relief had not been specifically prayed for in the petition, was prejudicial to the rights of the minor.

We cannot agree that a recovery granted in a judgment purportedly upon the issues drawn and in accordance with the evidence would constitute a prejudice to the rights of the minor under the rule of the Woods case. Neither can we agree that the award of alimony in this case was improper under the relief sought in the petition. Plaintiff plead the usual prayer for general equitable relief and this was sufficient. The controlling rule applicable

to this situation is announced in Haven v. Trammell, 79 Okl. 309, 193 P. 631, thus: "Where a petition for divorce contains a prayer for general equitable relief, but does not specifically pray for alimony, alimony, being a mere incident to divorce, may be properly awarded." See also Javine v. Javine, 134 Okl. 283, 273 P. 267; Downing v. Downing, 121 Okl. 273, 249 P. 732.

It not appearing that there was any actual prejudice to defendant's rights the situation in this case calls for the application of the rule in Woods v. State, supra, as a proper waiver to facilitate the determination of the case.

The second proposition as stated and the argument advanced in support thereof raises the same issues as were decided by this court in Chappell v. Chappell, Okl., 298 P.2d 768, 771. A divorce was granted in that case on the ground of incompatibility. We said, "Finally it is argued that the trial court erred in allowing alimony and attorney fees. Defendant cites Davis v. Davis, 61 Okl. 275, 161 P. 190; and Seddicum v. Seddicum, 167 Okl. 420, 30 P.2d 156; 12 O.S.1951 § 1278. The trial court found plaintiff entitled to a divorce and that the allegations of her petition are true. She prevailed on a statutory ground. In such case the court was justified in allowing alimony and attorney fees. Section 1278, supra; Cates v. Cates, 194 Okl. 414, 152 P.2d 261; Chilton v. Chilton, 207 Okl. 647, 252 P.2d 121; Haynes v. Haynes, 190 Okl. 596, 126 P.2d 65; Farley v. Farley, Okl., 275 P.2d 319, 320. In Farley v. Farley, supra, it is stated in the syllabus:

" 'The allowance of permanent alimony rests within the sound discretion of the trial court to be exercised in the light of all the surrounding circumstances, and such allowance will not be disturbed on appeal unless clearly against the weight of the evidence.' "

From our examination of the record we find the amount of the recovery to plaintiff supported by the evidence and the allowance thereof proper under the rule stated in the Chappell case.

There was no error.

Judgment affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

This Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.