Nekia HAMILTON, a minor, By and
Through his father and next friend,
Lewis C. HAMILTON, Plaintiff,

v.

Clayton L. VADEN; Custom Auto Acces-
sories, Company, a Tennessee Corpora-
tion; Frigette Corporation, a Texas
Corporation, Successor In Interest to
Custom Auto Accessories Company:
and Other Unknown Successors, As-
signs and Trustees of Custom Auto Ac-
cessories Company, Defendants.

No. 64002.

Supreme Court of Oklahoma.

June 24, 1986.

Steven L. Olson, Pierce Couch Hendrickson Johnston & Baysinger, Oklahoma City, for plaintiff.

Michael E. Smith, King, Roberts & Beeler, Oklahoma City, for defendant, Custom Auto Accessories.

Michael L. Darrah, Huckaby, Fleming, Frailey Chaffin & Darrah, Oklahoma City, for defendant, Clayton L. Vaden.

KAUGER, Justice.

On March 12, 1985, the United States District Court for the Western District of Oklahoma certified three questions of law to this Court. After the questions were certified, defendant Frigette Corp., individually and as successor in interest to Custom Auto Accessories Co., filed a Petition in Bankruptcy; thereafter, it sought and received a stay of these proceedings. On January 6, 1986, the stay was lifted by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, and on February 10, 1986, the Western District recertified the following questions:

I. Does the minority of a surviving child toll the limitation period provided for by 12 O.S. 1971 § 1053, so as to allow the minor to bring a cause of action for the wrongful death of his mother more than two years after the accident occurred?

II. May a minor bring an action for the wrongful death of his mother when more than one year has passed since a previous wrongful death action brought by the administrator of the decedent's estate was dismissed without prejudice, and after more than two years has passed since the accident?

III. May a minor child who has filed an action to recover for personal injuries sustained by him refile an action for personal injuries sustained by him in a case where the accident occurred more than two years prior to the second filing, and the second filing was more than one year after the dismissal without prejudice of the first action?

While we approach these questions in the sequence in which they are posed, it is apparent that the questions are interrelated to an unusual degree. The common theme underlying all three questions is that the minor's rights belong to the minor and that barring a full determination on the merits approved by the court, the minor is entitled to bring his/her own cause of action upon reaching adulthood. In the interim, the guardian *ad litem* may not do anything to impair or to prejudice the minor's rights without court approval. Therefore, the Oklahoma Supreme Court has answered all the questions in the affirmative.

On February 24, 1978, a two car collision occurred in Payne County, Oklahoma, killing the driver of one car, Linda Sue Hamilton, and injuring her two passengers, her only son, three year-old, Nekia Hamilton, and Anabelle Terry, her mother. The other vehicle was driven by Clayton Vaden, an

employee of the Custom Auto Accessories Co., who was allegedly acting within the course and scope of his employment at the time of the collision. In 1979, suit was filed in the United States District Court for the Western District of Oklahoma.[1] The cause was set for jury trial on June 30, 1980, but was dismissed without prejudice by the plaintiff's attorney, who did not refile the case following its dismissal.

On March 30, 1984, this action was filed by Nekia Hamilton by and through his natural father and next friend, Lewis C. Hamilton.[2] The complaint sought to recover for damages resulting from the death of the minor's mother, Linda Sue Hamilton, damages for the personal physical injuries and emotional trauma suffered by Nekia Hamilton, and for punitive damages.

## I.

**THE MINORITY OF A SURVIVING CHILD TOLLS THE LIMITATION PERIOD PROVIDED BY 12 O.S.1971 § 1053, AND ALLOWS THE MINOR TO BRING A CAUSE OF ACTION FOR THE WRONGFUL DEATH OF HIS MOTHER MORE THAN TWO YEARS AFTER THE ACCIDENT OCCURRED**

■ This Court decided in *Brookshire v. Burkhart*, 141 Okla. 1, 283 P. 571–72, 576–78 (1929),[3] that the minority status of a surviving child tolls the limitation period prescribed by the wrongful death act, 12 O.S. 1971 §§ 1053, 1054.[4] A review of the wrongful death statutes and the applicable tolling provisions, as well as decisions from other jurisdictions with similar statutes, persuaded the *Brookshire* court that the Legislature did not intend for the two year limitation period to be construed to *condition* the *right* to bring an action, but was merely a *restriction upon the remedy* available to a person seeking redress under the statute. In reaching its conclusion, the Court determined the effect that certain tolling provisions, i.e., Comp.Stat.1921 §§ 186, 190 (recodified as 12 O.S. 1971 §§ 96, 100), would have upon § 1053, and held that because the statutes were in *pari materia*, the decedent's spouse could maintain an action on behalf of his minor son, more than three (3) years after the mother's death.

*Brookshire* involved precisely the same statutory provisions under consideration here, and it has never been overruled or modified by this Court. We find its reasoning to be sound and its holding to be controlling in answering the first certified question. Oklahoma law allows an action for wrongful death to be brought on behalf

---

1. The case was styled: *Lester L. Terry, individually and as administrator of the Estate of Linda Sue Hamilton deceased; Annabelle Terry, and Nekia Hamilton, a minor 5 years of age, who brings this action by and through his father and next friend, Lewis C. Hamilton v. Clayton Vayden and Custom Auto Accessories, Co., a foreign corporation.*

2. Lewis Hamilton was divorced from Linda Sue Hamilton at the time of the accident.

3. In *Brookshire,* because no administrator had been appointed to manage his deceased wife's estate, the husband/father properly instituted suit under Comp.Stat. 1921 § 824 (presently codified as 12 O.S. 1981, § 1053, 1054) to recover damages on behalf of his minor son more than three years after the wrongful death of the boy's mother.

4. Title 12 O.S. 1971 § 1053, provides:
"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years...."

Section 1054 provides:
"In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other State or Territory, or when, being a resident of this State, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

These statutes were recodified in 1981 without changing the significant portion involved in this case.

of a minor for the death of his mother more than two (2) years after the date of her death contingent upon suit being brought by either the decedent's personal representative, spouse, or next of kin in accordance with 12 O.S. 1971 §§ 1053, 1054.

## II

## A MINOR MAY BRING AN ACTION FOR THE WRONGFUL DEATH OF HIS MOTHER MORE THAN ONE YEAR AFTER A PREVIOUS WRONGFUL DEATH ACTION BROUGHT BY THE ADMINISTRATOR OF THE DECEDENT'S ESTATE HAS BEEN DISMISSED WITHOUT PREJUDICE, AND AFTER MORE THAN TWO YEARS HAS PASSED SINCE THE ACCIDENT

While our decision in *Brookshire* dictates the answer to Question I, we must refocus our analysis in assessing whether a minor may pursue a wrongful death action more than a year after the dismissal without prejudice of a prior action, *and* more than two years after the accident. Because the cause of action for wrongful death is purely statutory, suit may be brought only by a person expressly authorized by statute to do so.[5] A minor's ability to bring an action for the wrongful death of his mother is entirely contingent upon whether the minor can qualify as a person entitled to sue under the strictures of 12 O.S. 1971 §§ 1053, 1054.

▮▮ The wrongful death statute, 12 O.S. 1971 § 1053, provides that when the death of one is caused by the wrongful act or omission of another, the decedent's representative may maintain an action against the tortfeasor. However, if no personal representative has been appointed, the action may be brought by the widow, or in her absence by the next of kin. A minor may not serve as an executor and therefore, cannot qualify as the decedent's personal representative.[6] Before a minor may sue for wrongful death, he/she must show that an administrator has not been appointed, that the minor is the decedent's surviving spouse, or that there is no surviving spouse and that he/she is the next of kin.[7] In all other circumstances, as in this case, the action for wrongful death could only be brought by an authorized representative acting on the minor's behalf.[8]

The defendants relying upon *St. Louis-San Francisco Ry. Co. v. Thompson*, 139 Okla. 142, 281 P. 565, 567 (1929), contend that the wrongful death act contemplates a single, indivisible, action thus precluding separate, successive actions by individual damage claimants. They argue that disposition of the 1979 lawsuit filed by the administrator binds all the potential beneficiaries, regardless of the result. This argument is flawed, not in its recitation of the rule of law but in the application of the rule urged by the defendants. The beneficiaries were bound only to the *result* reached by the trial court—in this instance to whatever results from a *dismissal without prejudice.* The point is that dismissals without prejudice leave the parties as if no action had ever been commenced.[9]

Minority is a sufficient disability to justify the tolling of the § 1053 two year stat-

5. *Abel v. Tisdale,* 619 P.2d 608, 610 (Okla.1980); *Potter v. Pure Oil Co.,* 182 Okla. 509, 78 P.2d 694–96 (1938).

6. Title 58 O.S. 1981 § 102 provides:
   "No person is competent to serve as executor who at the time the will is admitted to probate is
   1. Under the age of majority...."

7. Title 12 O.S. 1971 §§ 1053, 1054 see note 4, supra. *See Potter v. Pure Oil,* note 5, supra.

8. Lester L. Terry was the appointed administrator for Linda Sue Hamilton's estate. If he continues to function in this capacity, Nekia Hamilton is precluded from bringing a wrongful death action. If, however, the probate of that estate is completed and no administrator or personal representative is currently appointed to handle the decedent's affairs, nothing prevents Nekia from bringing the suit as next of kin by and through his next friend.

9. *Harris v. City of Canton,* 725 F.2d 371, 376 (6th Cir.1984); *Bomer v. Ribicoff,* 304 F.2d 427–28 (6th Cir.1962).

**416**

ute of limitations. The defendants are wrong in asserting that the son's right to recover damages for Linda Sue Hamilton's death, is somehow limited to the one year period granted by our saving statute.[10] Pursuant to 12 O.S. 1981 § 700,[11] had a lawsuit never been commenced, a wrongful death action might have been brought on Nekia Hamilton's behalf at any time prior to his nineteenth birthday.

The defendants also suggest that because Nekia Hamilton was represented by his father and next friend in the original action, he was no longer disabled by his minority, and that, 12 O.S. 1981 § 96 would therefore, not toll the statute of limitations. However, the defendants do not cite any cases which would support this position, nor does our research reveal any; indeed what we have found contradicts this contention. The general rule is that after a guardian *ad litem* has been appointed for a minor, the guardian has the right, but not the obligation, to sue within the prescribed period of limitation. The guardian's failure to bring suit, or the discontinuation of a suit within the statutory period does not prejudice the minor's rights. The action is not barred by the two-year limitation until one year after the disability of infancy has been removed.[12]

Title 12 O.S. 1971 § 226, (now 12 O.S.Supp.1984 § 2017) provides that an infant may only sue through his/her guardian or next friend. This same statute provides that the court has the power to dis-

miss an action if it is determined that an action is not being conducted in the child's best interest. The mere existence of a guardian *ad litem* or next friend does not remove from the court's consideration the infirmities caused by the child's minority. It is the policy of the law generally, and of our statutes in particular, to protect minor litigants' interests. Oklahoma law places an affirmative duty on the courts to preserve and protect the rights of a minor even when the child is represented by a guardian *ad litem* or next friend.[13] A guardian *ad litem*, or next friend, is not permitted to waive any of the substantial rights of the ward or to consent to anything which would prejudice the minor's rights.[14] If the appearance of a next friend sufficed to remove the minority-based disability of the child, these added protections would be unnecessary.

In *Pfister v. Johnson*, 173 Okla. 541, 49 P.2d 174–75, 102 A.L.R. 31 (1935) Pfister lodged an appeal involving a judgment rendered while she was represented by a guardian *ad litem*. It was asserted that her appeal was barred because the guardian did not give notice of appeal within ten days of the rendition of judgment as required by statute, and that her right to appeal was forfeited by the actions of her representative. The court reviewed the applicable statutes and concluded that she could not be penalized for the failure of the appointed representative. The Court noted that when the judgment was rendered, Pfister was incapable of acting for herself,

---

10. *Brookshire v. Burkhart*, 141 Okla. 1, 283 P. 571, 578, 67 A.L.R. 1059 (1929); 12 O.S. 1981 § 96.

11. Title 12 O.S. 1981 § 700 provides:
"It shall not be necessary to reserve in a judgment or order the right of a minor to show cause against him after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the minor, within one (1) year after arriving at the age of eighteen (18) years, may show cause against such order or judgment."

12. *Klosky v. Dick*, 359 Mich. 615, 619, 103 N.W.2d 618, 621, 86 A.L.R.2d 961 (1960); *McLaughlin v. Beyer*, 181 Ala. 427, 61 So. 62, 65 (1913); *Galveston, H. & S.A. Ry. Co. v. Washington*, 25 Tex.Civ.App. 600, 63 S.W. 538, 540

(1901). *See also*, Annot., "Appointment of Guardian for Incompetent or for Infant as Affecting Running of Statute of Limitations Against Ward," 86 A.L.R.2d 965, 976 (1962) for collected cases.

13. *Harjo v. Johnston*, 187 Okla. 561, 104 P.2d 985, 991 (1940); *Tanner v. Schultz*, 97 Okla. 132, 223 P. 174–75 (1924); *In re Hildebrand's Estate*, 81 Okla. 197, 197 P. 445, 448 (1921); *Bolling v. Gibson*, 36 Okla. 671, 128 P. 1091–92 (1912).

14. *Stephens v. Stephens*, 311 P.2d 241, 243 (Okla. 1957); *Woods v. State*, 207 Okla. 1, 249 P.2d 99, 101 (1952); *Franklin v. Margay Oil Corp.*, 194 Okla. 519, 153 P.2d 486, 496 (1944).

that she could only act through her guardian *ad litem,* and that her individual right to appeal did not accrue until she reached majority. The mere presence of someone acting as next friend is insufficient to remove all of the infirmities caused by a child's minority.[15]

It is the duty of the courts sedulously to guard the rights of minors. No presumption against an infant is permitted; rather every presumption is indulged in his/her favor. A guardian *ad litem* must present every issue available on behalf of the child. If the guardian fails properly to discharge the duties of guardianship, the responsibility devolves upon the courts acting on behalf of the state to protect the best interest of the child.[16] Courts cannot assume that parents will act effectively to protect the rights of their children; and it is neither reasonable nor realistic to rely upon parents (who may themselves be minors, or who may be ignorant, lethargic, or unconcerned) to bring an action within the time provided. It is equally unreasonable to expect a minor, whose parents fail timely to vindicate his/her legal rights, independently to seek out another adult willing to serve as next friend. To do so would ignore the realities of the family unit and the limitations of children.[17]

The remaining arguments regarding Question No. II concern the proper construction and application of 12 O.S. 1981 § 100 relating to cases brought on behalf of a minor. We now explore and define the relationship between the tolling provisions of 12 O.S. 1981 § 96[18] and our saving statute, 12 O.S. 1981 § 100.[19] Both appear in the same chapter of the Code of Civil Procedure, and were originally enacted at the same time by the same Legislature; thus § 96 and § 100 are in *pari materia.*[20]

The defendants assert that by enacting § 96 the Oklahoma Legislature intended to protect the rights of those who by virtue of their legal disabilities are unable to seek redress for their injuries. They argue that § 100 was enacted to shield defendants from the threat of stale claims. They liken § 100 to a statute of limitations enacted to encourage the timely litigation of actions before witnesses disappear or memories fade. While we can accept defendants view regarding the purpose of § 96, their perception of the function of § 100[21] is too limited. Title 12 O.S. 1981 § 100 is intended to preserve the right to commence a new action for the same causes as in the original action, and to allow a trial on the merits.[22] The purpose of the statute is to

15. *Pfister v. Johnson,* 173 Okla. 541, 49 P.2d 174–75, 102 A.L.R. 31 (1935); *Cudjo v. Harris,* 119 Okla. 69, 248 P. 343, 346 (1926).

16. *Harjo v. Johnston,* 187 Okla. 561, 104 P.2d 985, 991, (Okla.1940); *Tanner v. Schultz,* 97 Okla. 132, 223 P. 174–75 (1924); *In Re Sanders' Estate,* 67 Okla. 3, 168 P. 197–98 (1917); 12 O.S. 1981 § 228, 15 O.S. 1981 § 27.

17. *Strahler v. St. Luke's Hosp.,* 706 S.W.2d 7, 10 (Mo.1986); *Sax v. Votteler,* 648 S.W.2d 661, 667 (Tex.1983).

18. Title 12 O.S. 1981 § 96 provides:
"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed."

19. Title 12 O.S. 1981 § 100 states:
"If an action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff failed in such

action otherwise than upon the merits, the plaintiff, ... may commence a new action one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

20. *Brookshire v. Burkett,* note 10, supra; *Redwine v. Baptist Medical Center of Oklahoma,* 679 P.2d 1293, 1296 (Okla.1983); *De Graffenreid v. Iowa Land & Trust Co.,* 20 Okla. 687, 95 P. 624, 639 (1908).

21. *Beavin v. State ex rel. Dept. of Public Safety,* 662 P.2d 299, 302 (Okla.1983); *Grand River Dam Authority v. State,* 645 P.2d 1011, 1018–19 (Okla.1982); *Brookshire v. Burkart,* see note 10 supra; *DeGraffenreid v. Iowa Land & Trust Co.,* see note 20, id.

22. *Hatchell v. Hebeisen,* 16 Okla. 223, 82 P. 826–27 (1905); *see, Clark v. Phillips Petroleum Co.,* 677 P.2d 1092, 1094–95 (Okla.App.1984); *Holder v. Rising Brothers, Inc.,* 619 P.2d 1278–79 (Okla. App.1980).

extend a plaintiff's cause of action one year beyond the action's failure otherwise than upon its merits.

■ The defendants argue that § 100 can also be construed to prevent tolling the normal statute of limitations and force a minor to litigate within one year of dismissal. As we view this argument, it is alleged that § 100 creates a one year statute of limitations for refiling any action which fails otherwise than upon the merits. If adopted, this argument would mean that by filing a lawsuit on Nekia Hamilton's behalf, dismissing it, and not refiling within one year of the dismissal, Nekia's legal representative extinguished the minor's right to recover thirteen years before he could bring a suit in his own name. We cannot accept this reading of a statute which requires a liberal construction to fulfill its underlying purpose.[23]

The purpose of § 100 is to allow a plaintiff an opportunity to proceed to trial on the merits, not to impose a new limitations period upon the cause of action.[24] The statute cannot be used to constrict the amount of time one has to bring an action, only to expand it. Section 100 merely permits a plaintiff one year to refile his/her cause of action in spite of the fact that the statute of limitations may have run against that action.[25] However, if the statute has not run against the plaintiff, and he/she would still be entitled to file an original action more than one year after a failure not upon the merits, § 100 simply does not apply. To hold otherwise would require us to give the provision a construction which contradicts the clear intent of the legislature and permits incongrous results.[26]

■ The potential absurdity of this result is readily apparent when viewed in the context of our observation that a guardian *ad litem*, or next friend, cannot waive or otherwise prejudice the minor's substantial rights.[27] When § 100 is properly analyzed, there is no apparent conflict with § 96. Both provisions are intended to extend the amount of time in which a plaintiff may bring a cause of action. Nekia Hamilton is entitled to have a wrongful death action brought on his behalf for the wrongful death of his mother, more than one year after the dismissal without prejudice of a prior suit *and* more than two years after the death occurred, if no other action for the mother's death has previously been adjudicated upon the merits.

## III

**A MINOR WHO HAS FILED AN ACTION TO RECOVER FOR PERSONAL INJURIES SUSTAINED BY HIM MAY REFILE AN ACTION IN A CASE WHERE THE ACCIDENT OCCURRED MORE THAN TWO YEARS PRIOR TO THE SECOND FILING, AND THE SECOND FILING WAS MORE THAN ONE YEAR AFTER THE DISMISSAL WITHOUT PREJUDICE OF THE FIRST ACTION**

■ The statute of limitations governing personal injury lawsuits is 12 O.S. 1981 § 95(3).[28] We note that 12 O.S. 1981 § 95

23. *English v. T.H. Rogers Lumber Co.,* 68 Okla. 238, 173 P. 1046, 1048 (1918).

24. *Hatchell v. Hebeisen,* note 22 supra.

25. *Holder v. Rising Bros.,* note 22 supra.

26. *Grand River Dam Authority v. State,* see note 21, supra.

27. *Stephens v. Stephens,* 311 P.2d 241, 243 (Okla. 1957); *Woods v. State,* 207 Okla. 1, 249 P.2d 99, 101 (1952); *Franklin v. Margay Oil Corp.,* 194 Okla. 519, 153 P.2d 486, 496 (1944).

28. Title 12 O.S. 1981 § 95(3) provides a two year statute of limitations for:

"An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."
*Morris v. Wise,* 293 P.2d 547, 549, 55 A.L.R.2d 1033 (Okla.1955); *Waugh v. Guthrie Gas, Light, Fuel and Improvement Co.,* 37 Okla. 239, 131 P. 174–75 (1913).

and 12 O.S. 1981 § 96 bear the same relationship to each other as do § 96 and § 100; that is, they were originally enacted by the same Legislature, at the same time, and placed in the same chapter of the Code of Civil Procedure. These statutes are also in *pari materia* and must be harmonized and interpreted to give effect to each.[29] We conclude that the Legislature intended § 96 to toll the two year statute of limitations provided by § 95(3) and that a minor is entitled to institute an action for personal injuries anytime before he/she reaches majority plus one year.[30]

The defendants concede that the minority status of a child tolls the two year limitation period.[31] They argue, however, that once the minor has appeared in · court through a next friend, this disability is removed and § 96 is inapplicable. The defendants urge us to apply the one year limitation period contained in 12 O.S. 1981 § 100 and extinguish the minor's right to bring this action. We rejected this approach in our answer to Question No. II, finding that the legislature intended to preserve until the achievement of adulthood enforcement of a minor's action to seek his/her own rights.[32]

## QUESTIONS ANSWERED

HODGES, LAVENDER, HARGRAVE, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, C.J., concurs in result.

DOOLIN, V.C.J., not participating.

**29.** *Beavin v. State ex rel. Dept. of Public Safety,* 662 P.2d 299, 302 (Okla.1983); *Grand River Dam Authority v. State,* 645 P.2d 1011, 1018–19 (Okla.1982); *Brookshire v. Burkart,* see note 10 supra; *DeGraffenreid v. Iowa Land & Trust Co.,* see note 20, supra.

**30.** *Brookshire v. Burkhart,* 141 Okla. 1, 283 P. 571, 578, 67 A.L.R. 1059 (1929).

**31.** The only diversion from the course we have plotted here is found within the provisions of the Political Subdivision Tort Claim Act, 51 O.S. 1981 § 156. In *Johns v. Wynnewood School Bd. of Educ.,* 656 P.2d 248 (Okla.1982), a minor was injured while on the school yard playing during recess. In *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984), the minor received injuries at the municipal swimming pool. The minors were held to the same statute of limitations as adults under 51 O.S. 1981 § 156. These cases are distinguishable because the notice provision of the Political Subdivision Tort Claims Act furthers legitimate state interests by fostering a prompt investigation while the evidence is fresh; the opportunity to repair any dangerous condition, quick and amicable settlement of meritorious claims; and preparation of fiscal planning to meet any possible liability. *Reirdon v. Wilburton Bd. of Ed.,* 611 P.2d 239–40 (Okla.1980). Further, by its terms 51 O.S. 1981 § 170 supersedes all other statutory provisions.

**32.** *Walker v. Pacific Basin Trading Co.,* 536 F.2d 344, 347 (10th Cir.1976). *See, Title Guaranty & Surety Co. v. Cowen,* 71 Okla. 299, 177 P. 563 565 (1916).