**Roy MOWLES, a minor, By and Through his parents, Linda MOWLES and Wesley Mowles, Appellant,**

**v.**

**HILLCREST HEALTH CENTER, Continental Medical, Inc., d/b/a Moore Municipal Hospital, Appellees.**

No. 74472.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 12, 1991.

Rehearing Denied Jan. 14, 1992.

Certiorari Denied June 16, 1992.

Gary L. Brooks, Oklahoma City, for appellant.

A. Scott Johnson and Mary Hanan, Oklahoma City, for appellees.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

This appeal involves an action for medical malpractice arising out of injuries sustained by Roy Mowles at his birth on May 14, 1978. His parents filed this action on October 3, 1988 against Appellees (Hospitals).

Hospitals moved to dismiss the action, or in the alternative for summary judgment, on two grounds. They first argue the action was barred by the statute of limitations in 12 O.S.1988 Supp. § 96. This section, amended in 1987, now provides for a special reduced limitation period applying solely to minors in medical malpractice actions. Hospitals also contended the action was barred because Mowles did not file any notice of claim as required by the Oklahoma Political Subdivision Tort Claims Act, 51 O.S.1981 § 151 et seq. (Act).

The trial court sustained Hospitals' motions, finding § 96 barred Mowles claim against Hillcrest Health Center, and the Act and § 96 operated to bar Mowles claim against Moore Hospital. Mowles appeals.

■ Article 5, Section 46 of the Oklahoma Constitution provides that the Legislature may not pass special laws affecting certain subjects. The enumerated subjects include laws affecting the estates of minors, or persons under disability, or for limitation of civil actions. Effective November of 1987, the Legislature amended § 96 to limit the time in which a minor could file a medical malpractice action to seven years from the infliction of the injury.[1] That statute in its entirely states:

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parents or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been

---

1. Although not a part of this appeal, we are constrained to comment that the Legislation appears to disallow a suit by a minor 12 years or older until two years from the date of the infliction of the injury.

adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

Mowles contends this statute violates Art. 5 § 46 in that it is a special law affecting only minors with medical malpractice claims. We agree. Although Mowles also directs our attention to other frailties of the trial court's application of this statute, we find the Art. 5, § 46 argument to be controlling and reverse.

Mr. Justice Opala provides insight for this Court in addressing this Constitutional provision in *Reynolds v. Porter,* 760 P.2d 816 (Okla.1988), wherein the Oklahoma Supreme Court held a similar statute dealing with medical malpractice claims to be violative of § 46. Section 46 provides 28 subjects where a general law is always applicable. If the statute concerns one of these subjects and is special, § 46 absolutely and unequivocally prohibits its passage by the Legislature. "In a § 46 attack, the only issue to be resolved is whether a statute upon a subject enumerated in that section targets for different treatment less than an entire class of similarly situated persons or things." "Special laws are those which single out less than an entire class of similarly affected persons or things for different treatment." *Reynolds v. Porter, supra.,* at 822, 823. Also *see Wafford v. Davis,* 764 P.2d 161 (Okla.1988).

Section 46 forbids passage of special laws "affecting the estates of minors, or persons under disability."[2] As a general rule, and prior to the enactment of the amendment to § 96, the statute of limitations was tolled for anyone under a disability until the disability was removed. In the case of minors their disability ceases when they reach majority. Clearly § 96 isolates minors with malpractice claims from other minors injured by any type of negligence other than medical malpractice.

In addition, § 46 targets the limitation of a civil action as one of the enumerated subjects for which a special statute is never permissible. Under the rationale of *Reynolds,* the class implicated by the § 96 limitations comprises all tort claims by minors. The Legislature's enactment of the seven year restriction carved out of that single class, a subclass of actionable medical malpractice claims by minors. This subclass of claims is accorded special treatment. The only minors affected are those with medical malpractice claims. The result of § 96 is to favor a claim by a minor resulting from other types of negligence over a claim resulting from medical malpractice. This provision clearly offends § 46. "It is fraught with the vice of underinclusiveness because its sweep embraces less than an all-inclusive common-law class." *Reynolds v. Porter, supra.* p. 823.

■ The trial court also found Mowles' action was barred for failure to comply with the Oklahoma Political Subdivision Tort Claims Act, 12 O.S.1978 Supp. § 151 et seq. This Act became effective on July 1, 1978. Mowles' cause of action arose on May 14, 1978, clearly before the effective date of the Act. This Act expressly states:

> This act does not apply to any claim against any political subdivision or employee arising before the effective date of this act. Any such claim may be presented and enforced to the same extent and subject to the same procedures and restrictions as if this act had not been adopted.

In addition, in 1984 the Legislature amended the Act to provide:

> Nothing in this act shall abrogate or amend in any way presently existing remedies, causes of actions or claims presently existing on behalf of individuals or citizens. This act does not apply to any claim against the state or political subdivision arising before the effective date of this act.

Although Hospitals attempt to support their argument by citing the predecessor to the Act, the Governmental Tort Liability

---

**2.** An estate may include any property in which one has a right or interest. A tort claim is a chose in action and thus must be considered as part of the minor's estate.

Act[3] they did not raise this issue at trial nor did the trial court base its ruling on the earlier act. *See City of Tulsa v. Crain*, 573 P.2d 707 (Okla.1978).

We hold in this decision that § 96 violates the Oklahoma Constitution's proscription against the passage of special laws affecting limitations of actions and estates of minors found in Article 5 Section 46 of the Constitution. Thus we need not address Mowles' argument that retroactive application of § 96 is unauthorized.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DECISION.

HUNTER, C.J. and JONES, J. concur.