James D. BROWN, Individually and as Next Friend of the Minor Child, Christine Almeda Brown, Appellant,

v.

Steven D. JIMERSON, M.D., Appellee.

No. 78124.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 28, 1993.

---

Robert B. Smith, Oklahoma City, for appellant.

John M. Perry III, Oklahoma City, for appellee.

## OPINION

HANSEN, Chief Judge:

This appeal involves an action for medical malpractice arising out of injuries allegedly sustained by Christine Brown at her birth in October of 1980. Her father filed this action on August 22, 1989, against Defendant Jimerson, the physician who delivered Christine. Her father sought damages on behalf of Christine as well as individual damages for past, present, and future medical expenses.

Jimerson filed a motion for summary judgment, claiming both Christine's action and her father's actions were barred by the statutes of limitations of 12 O.S.1991 § 96, and 76 O.S.1991 § 18. The trial court agreed and sustained Jimerson's motion. We reverse summary judgment against Christine but affirm judgment on her father's individual cause of action.

■ The Court of Appeals has previously addressed the initial question in *Mowles v. Hillcrest Health Center*, 832 P.2d 24 (Okla.App.1991) cert. denied. That decision states:

Art. 5, Section 46 of the Oklahoma Constitution provides that the Legislature may not pass special laws affecting certain subjects. The enumerated subjects include laws affecting the estates of minors, or persons under disability or for limitation of civil actions. Effective November of 1987, the Legislature amended § 96 to limit the time in which a minor could file a medical malpractice action to seven years from the infliction of the injury. That statute in its entirety states:

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) years of age and older

must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

Citing *Reynolds v. Porter*, 760 P.2d 816 (Okla.1988), that Court held § 96 to be violative of the Oklahoma Constitution in that it clearly isolated minors with malpractice claims from other minors injured by any type of negligence other than medical malpractice. *Mowles*, is dispositive of Christine's claim. Her action is not time barred.

■ More troubling is Father's argument the trial court erred in finding his action for damages for medical expenses was barred by 76 O.S.1991 § 18.[1] That statute applies specifically to medical malpractice actions. The Supreme Court in *Reynolds* held § 18 to be unconstitutional in that a limitation of three years from the date of injury without regard to discovery of the injury violates the Oklahoma Constitution, more particularly Art. 5 § 46, and Art. 5 § 59. However, the trial court apparently applied the two year limitation period from the date of discovery of the injury to bar Mr. Brown's separate claim for damages. Consequently, to sustain Father's allegation the trial court's ruling was error, we would have to hold the tolling provisions applicable to Christine's action inure to Mr. Brown's individual cause of action for medical expenses. This we decline to do.

■ This is a case of first impression in Oklahoma. Father cites decisions from other jurisdictions holding that the tolling of a minor's cause of action for damages for injuries inures to the benefit of a parent whose claims for damages for medical expenses are derivative and dependent on the child's claim. In *Korth v. American Family Insurance Company*, 115 Wis.2d 326, 340 N.W.2d 494 (1983), the Wisconsin Supreme Court held that the minority tolling provision tolled the parent's claim for recovery of medical expenses and loss of society and companionship of the child resulting from the bite of defendant's dog. The same decision set out the rule in Wisconsin that a parent's cause of action for loss of society and companionship of a child must be combined with that of the child for personal injuries. This is not the rule in Oklahoma. Justice Simms in *Independent School District I–29 v. Crawford*, 688 P.2d 1291 (Okla.1984) stated:

> There is no statutory requirement that the claim of a child for damages for personal injury and the claim of parents for medical expenses be joined. Nor will the doctrine of res judicata bar a parent from bringing a suit for medical expenses subsequent to an action brought on behalf of the child for personal injuries.

We assume the converse to be true. The doctrine of res judicata would not bar a child from bringing a suit for her damages subsequent to an action brought by the parent for medical expenses even though both causes of action arose out of the same set of facts. Thus, in Oklahoma, one of the reasons for disallowing two separate lawsuits when there are common issues of fact or law does not exist.

---

**1.** Section 18 provides:
An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; provided any action brought more than three (3) years from the date of the injury shall be limited to actual medical and surgical expenses incurred or to be incurred as a direct result of said injury, provided, however, the minority or incompetency when the cause of action arises will extend said period of limitation.

*Vedutis v. Tesi*, 135 N.J.Super. 337, 343 A.2d 171 (1975), cited by Father, involved an action under the New Jersey Tort Claims Act against the South Plainfield Board of Education. The minor and her father sought to file a notice of claim over two years after the occurrence of the accident. The Court held the minor's claim was timely in that by statute an infant could commence an action anytime throughout the period of her minority. The Tort Claims Act did not address the time limits within which a parent's derivative claim must be asserted. In allowing the parent to join the minor and also to file a claim against the Board, the Court noted that parental claims in a non-Tort Claims Act case were expressly reserved by a statute which provided that the time period for commencement of an action on the parental claim is coextensive with the limitation period applicable to the infant's claim so long as the parent's claim is joined in the same action as that of the infant. We have no such statute in Oklahoma.

█ Finally Father cites 10 O.S.1991 § 17.1 which provides:

The parent or parents having the right to recover damages for an injury to a minor child may assign to said child their right to recover said damages, and where the parent or parents of a minor child bring an action as guardian or guardian ad litem or next friend on behalf of said child and ask for a judgment for him for damages to which said parent or parents are entitled, said parent or parents will be deemed to have assigned to the minor child their right to recover such damages.

.    .    .    .    .

Father's right to recover medical expenses was extinguished by operation of the statute of limitations long before he filed this action. Thus there was nothing left to assign to Christine.

Father additionally cites us to *Davis v. Drackett Products Co.*, 536 F.Supp. 694 (S.D.Ohio 1982). There the Federal District Court, applying Ohio law, held the father's claim was barred, but allowed him to amend his child's complaint to include damages for medical expenses. However, the amendment was at trial court level where the allowance of such amendments is discretionary with the court. This would be inappropriate action for this Court to take on appeal.

Accordingly, this cause is AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with the views expressed herein.

JONES, P.J., and ADAMS, J., concur.