CRAWFORD v. OSU MEDICAL TRUST
2022 OK 25
Case Number: 117870
Decided: 03/22/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 25, __ P.3d __

 

 

MIRANDA and COLBY CRAWFORD, Natural Parents and on Behalf of C.C.C., a Minor, and MIRANDA and COLBY CRAWFORD, Individually, Plaintiffs/Petitioners,
v.
OSU MEDICAL TRUST, a Public Trust d/b/a OSU Medical Center, Defendant/Respondent,
and
SAINT FRANCIS HOSPITAL, INC., an Oklahoma Corporation, d/b/a St. Francis Children's Hospital, PEDIATRIC OPHTHALMOLOGY, P.C., an Oklahoma Professional Corporation, d/b/a Pediatric Eye Associates and Family Eye Care, and SCOTT S. SADEGHI, D.O., Defendants

APPEAL FROM A CERTIFIED INTERLOCUTORY ORDER
OF THE DISTRICT COURT OF TULSA COUNTY,
STATE OF OKLAHOMA
HONORABLE REBECCA NIGHTINGALE, DISTRICT JUDGE

¶0 Dr. Sawyer Hall treated C.C.C. in the emergency room at Saint Francis Hospital on June 16, 2017. C.C.C.'s eye was removed on June 21, 2017. Plaintiffs/Appellants Miranda and Colby Crawford, Natural Parents and on Behalf of C.C.C., a Minor, and Miranda and Colby Crawford, Individually (collectively, the Crawfords) initially filed this medical malpractice lawsuit against Defendant Saint Francis Hospital, Inc. on February 2, 2018. The Crawfords sought to hold Saint Francis liable for damages resulting from Dr. Hall's alleged misdiagnosis. In February 2018, the Crawfords learned that Dr. Hall was actually an intern or resident physician and employee of Defendant/Respondent OSU Medical Trust, doing business as OSU Medical Center (OSUMC), and not an employee of Saint Francis. The parties agree OSUMC is a public trust and subject to the Governmental Tort Claims Act (GTCA), 51 O.S. §§ 151-172. The Crawfords gave notice of their tort claim to OSUMC on August 22, 2018. The trial court granted OSUMC's motion to dismiss for failure to present notice of the claim within one year of the date the loss occurred, pursuant to 51 O.S.Supp.2012 § 15651 O.S.Supp.2012 § 15612 O.S.2011 § 96

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF DISTRICT COURT IS AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS.

Paul T. Boudreaux, Richardson Richardson Boudreaux, Tulsa, Oklahoma, for Petitioners.

Leslie C. Weeks, Brandon C. Whitworth, Rodolf & Todd, Tulsa, Oklahoma, for Respondent OSU Medical Trust, a Public Trust.

KANE, V.C.J.:

¶1 We granted certiorari to review a certified interlocutory order dismissing Defendant/Respondent OSU Medical Trust, doing business as OSU Medical Center (OSUMC), from this medical malpractice lawsuit. The issue is whether Plaintiffs/Appellants Miranda and Colby Crawford, Natural Parents and on Behalf of C.C.C., a Minor, and Miranda and Colby Crawford, Individually (collectively, the Crawfords) complied with the notice provisions of the Governmental Tort Claims Act (GTCA), 51 O.S. §§ 151-172. We hold that the Crawfords failed to present notice of their tort claim within one year of the date the loss occurred and, pursuant to 51 O.S.Supp.2012 § 156

I. FACTS AND PROCEDURAL HISTORY

¶2 On June 16, 2017, C.C.C., a minor child, was taken to Defendant Saint Francis Hospital, Inc.'s emergency room due to problems with his eye. There, C.C.C. was seen by Dr. Sawyer Hall. The Crawfords allege that Dr. Hall's misdiagnosis resulted in C.C.C.'s eye being removed on June 21, 2017.

¶3 The Crawfords initially filed this lawsuit against Saint Francis on February 2, 2018. At the time of filing, the Crawfords believed Dr. Hall was an employee of Saint Francis and alleged that Saint Francis was liable for the negligence of its agents and representatives, which resulted in the enucleation of C.C.C.'s eye. Sometime later in February 2018, the Crawfords learned or discovered that Dr. Hall was actually an intern or resident physician and an employee of OSUMC and not an employee of Saint Francis. The parties agree OSUMC is a public trust and subject to the GTCA. The Crawfords gave notice of their tort claim to OSUMC on August 22, 2018. On December 12, 2018, OSUMC denied the claim based on failure to give notice of the claim within one year of the date of loss, as required by the GTCA. The Crawfords amended their petition to add OSUMC as a defendant. In their Third Amended Petition, the Crawfords claimed that the acts and omissions of OSUMC's agents, employees, representatives, interns and residents caused damages, including the enucleation of C.C.C.'s eye. The Crawfords also explained that they had "accumulated their child's medical records and secured the services of an expert to advise them concerning any breaches of the National Standards of Care. Thereafter, Plaintiffs learned in approximately February of 2018, that the Defendants breached the National Standards of Care."

¶4 OSUMC entered a special appearance and filed a motion to dismiss for lack of jurisdiction based on failure to comply with the notice provisions of the GTCA and for failure to state a claim. OSUMC argued that the Crawfords did not present their notice of tort claim within one year after the date of loss, as required by 51 O.S. § 15612 O.S.2011 § 952

II. STANDARD OF REVIEW

¶5 A dismissal for lack of subject matter jurisdiction is reviewed de novo. See Video Gaming Techs., Inc. v. Tulsa Cty. Bd. of Tax Roll Corr., 2019 OK 84455 P.3d 91851 O.S. § 156See Hall v. GEO Grp., Inc., 2014 OK 22324 P.3d 39951 O.S.Supp.2012 § 156de novo. See Grisham v. City of Oklahoma City, 2017 OK 69404 P.3d 84351 O.S.Supp.2012 § 15612 O.S.2011 § 96de novo. See Fanning v. Brown, 2004 OK 785 P.3d 841Id.

III. ANALYSIS

A. If the Discovery Rule Applies to the Underlying Tort, It Applies to the Commencement of the One-Year Notice Period in the GTCA

¶6 The parties agree OSUMC is a public trust and that the Crawfords' claims are subject to the requirements of the GTCA.Smith v. City of Stillwater, 2014 OK 42328 P.3d 1192See Watkins v. Cent. State Griffin Mem'l Hosp., 2016 OK 71377 P.3d 12451 O.S.2011 § 156

[C]laims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

51 O.S.Supp.2012 § 156Jarvis v. City of Stillwater, 1987 OK 5732 P.2d 470

¶7 Generally, a cause of action accrues, and the applicable statute of limitations begins to run, when the injury occurs. See Calvert v. Swinford, 2016 OK 100382 P.3d 1028See id.; Woods v. Prestwick House, Inc., 2011 OK 9247 P.3d 1183See Calvert, 2016 OK 100

¶8 The discovery rule applies to medical negligence claims that are not subject to the requirements of the GTCA. See 76 O.S.2011 § 18Wing v. Lorton, 2011 OK 42261 P.3d 112276 O.S. § 18Seitz v. Jones, 1961 OK 283370 P.2d 300

 

B. The Discovery Rule Does Not Toll Commencement of the One-Year Notice Period Until the Crawfords Learned the Tortfeasor was an Employee of the State or a Political Subdivision

 

¶9 The Crawfords argue the discovery rule should apply because they did not learn Dr. Hall was an employee of an entity subject to the GTCA until February 2018. The Crawfords explain:

Plaintiffs, through counsel, did not discover the malpractice by Defendant, OSU, until all the medical records of C.C.C. were collected and reviewed. C.C.C.'s misdiagnosis occurred at Saint Francis Children's Hospital, and Plaintiffs did not have reason to know and did not know that a physician who was involved in malpractice worked for OSU rather than Saint Francis Hospital, Inc., where the malpractice occurred. The earliest that Plaintiffs knew or could have known through reasonable diligence that the individual involved in the malpractice that resulted in C.C.C.'s damages was employed by Defendant, OSU, and not Saint Francis, was approximately February 2018, when counsel conferred with and secured the opinion of an expert after providing the expert with all pertinent medical records.

Appellant's Brief-in-Chief, p. 7. The Crawfords argue that because the discovery rule tolled the one-year notice period, they had until February 2019 to give OSUMC notice of their claim and, therefore, the notice provided on August 22, 2018 was timely. They rely on two Court of Civil Appeals cases, Bentley v. Kirk, 2015 OK CIV APP 43348 P.3d 1112Lavender v. Craig General Hospital, 2013 OK CIV APP 80308 P.3d 1071Bentley and Lavender do not support the extension of the discovery rule that the Crawfords desire. While both cases involved medical malpractice claims and GTCA-entities given notice outside the one-year limitation, neither opinion addresses the issue presented in this case: whether the discovery rule tolls the one-year notice period until the plaintiffs discover the physician was employed by an entity subject to the GTCA.

¶10 The Crawfords assert they did not know nor should they have known, through the exercise of reasonable diligence, that Dr. Hall was an OSUMC intern or resident, and not an employee of Saint Francis, until their counsel conferred with an expert. Even assuming their assertions are true, as we must, that is not the type of discoverable information contemplated by the rule. The discovery rule pertains to the plaintiff discovering "sufficient information to be aware of the claims," Watkins, 2016 OK 71Woods, 2011 OK 9See Robinson v. Okla. Nephrology Assocs., Inc., 2007 OK 2154 P.3d 1250See Wing, 2011 OK 42

¶11 The Crawfords are not claiming they did not discover the injury itself until February 2018. The injury alleged is the loss of the eye. It is undisputed the Crawfords knew about the injury itself when C.C.C.'s eye was removed on June 21, 2017. This Court has said the discovery rule applies when the injury manifests after the wrongful act or omission responsible for the medical negligence action. See id. ¶ 13, at 1126. That is not the situation in this case. The injury manifested just five days after Dr. Hall's alleged wrongful act or omission. The purpose of the discovery rule "is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have the same rights as those who suffer an immediately ascertainable injury." Woods, 2011 OK 9

¶12 The Crawfords are not claiming they did not discover the wrongfulness and cause of the injury until February 2018. The Crawfords allege the wrongfulness and cause of the injury was the misdiagnosis provided by Dr. Hall on June 16, 2017. The Crawfords are not claiming they did not discover that Dr. Hall's misdiagnosis caused C.C.C.'s injuries until February 2018. In fact, on February 2, 2018, the Crawfords filed a lawsuit against Saint Francis based on Dr. Hall's alleged misdiagnosis--the same medical negligence upon which their claims against OSUMC are based.

¶13 Rather, the Crawfords claim they did not know the identity of Dr. Hall's employer until February 2018. The discovery rule does not apply in this case as a matter of law. The one-year notice period began when C.C.C. lost his eye on June 21, 2017. At that point in time, the Crawfords had sufficient information to state a cause of action for medical negligence based on Dr. Hall's alleged misdiagnosis. The Crawfords did not need to know the identity of the tortfeasor's employer to state a cause of action.

C. Title 51, § 156(E) Does Not Toll the Notice Period When the Injured Person is Incapacitated Due to Minority

¶14 On appeal, the Crawfords assert that 51 O.S. § 15651 O.S.Supp.2012 § 156

¶15 We disagree. The plain and unambiguous language of the statute provides that the one-year notice period is tolled 90 days only if "the person injured is unable due to incapacitation from the injury to give such notice . . . ." 51 O.S. § 156see also Johns v. Wynnewood Sch. Bd. of Ed., 1982 OK 101656 P.2d 248Johns v. Wynnewood School Board of Education, 1982 OK 101656 P.2d 248Id. ¶ 6, at 250. Section 156 of the GTCA does not toll the notice period due to incapacity resulting from minority. The Crawfords do not allege that C.C.C. was incapacitated as a result of the injury; they allege incapacity due to his status as a minor. The injury to C.C.C.'s eye did not create a legal incapacity which prevented him from giving notice of his claim. The 90-day extension in 51 O.S. § 156

 

D. When the GTCA Controls, 12 O.S. § 96 Does Not Apply

 

¶16 Title 12, § 96 is the general statute of limitations for a tort action brought by a person under a legal disability. This section provides:

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

12 O.S.2011 § 96

 

¶17 In Johns, this Court determined that 12 O.S. § 96Johns, a minor was injured at school on September 18, 1979. See Johns, 1982 OK 101Id. ¶ 2, at 249. At that time, the Oklahoma Political Subdivision Tort Claims Act--the predecessor to the GTCA--applied, and the time limit for presenting notice of the claim was only 120 days.51 O.S. § 156Id. The plaintiffs responded that, as a minor, plaintiff was under a legal disability to institute an action on her own behalf and, therefore, she could do so at any time within one year after she attained majority,12 O.S.1971 § 96Id. This Court was presented the following federal certified question:

Are the time limitations contained in the Oklahoma Political Subdivision Tort Claims Act, 51 Okla.Stat. (1978 Supp.) § 156, controlling as to a cause of action accrued to a minor, notwithstanding the provisions of 12 Okla.Stat.1971 § 96?

Id. ¶ 1, at 248. We answered "yes" and determined that "[t]he time limitations contained in the Oklahoma Political Subdivision Tort Claims Act, 51 Okla.Stat. (1978 Supp.) (now 1981) § 156, control as to a cause of action accrued to a minor, notwithstanding the provisions of 12 O.S.1981 § 96Id. ¶ 7, at 250. We held "that the minority of the plaintiff when injured did not toll the time limits as prescribed in 51 Okla.Stat. § 156 as against the defendant School Board." Id. ¶ 2, at 248-49. In reaching our answer in Johns, we examined the tolling provision in § 156: "The time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity." 51 O.S.Supp.1978 § 15651 O.S. § 156See 51 O.S.Supp.2012 § 156Johns, we determined:

In view of the fact the Act specifically deals with incapacity arising from physical results of the injury and does not speak to incapacity resulting from minority, it is proper to apply the language of the statute to all incapacities not specifically excepted in view of the clear language of the statute's (§ 156) unqualified statement that no action may be maintained unless notice is filed within 120 days, and action commenced within six months.

Johns, 1982 OK 10151 O.S.Supp.1978 § 156

¶18 The same question is posed today. Does 12 O.S.2011 § 9612 O.S.2011 § 9651 O.S.Supp.2012 § 156Johns, we hold the GTCA, 51 O.S.Supp.2012 § 15612 O.S.2011 § 9651 O.S. § 15651 O.S.Supp.2012 § 156

¶19 Our holding in Johns remains instructive even after subsequent amendments to 12 O.S. § 9612 O.S. § 96Johns that when the GTCA controls, § 96 does not apply. In order to toll or extend the notice period for injuries to minors in a GTCA action, the Legislature would need to amend the GTCA. In Johns, we explained:

The exception granted infants from the running of the statute of limitations rests on legislative determination and does not emanate from a fundamental precept of the law. It is within the power of the legislature to place infants in the same category as adults in the respect of limitations and unless excepted by statute, the limitations statutes apply to that class of persons. . . . [E]xception of infants from limitations statutes is a matter of legislative cognizance. The exception from the limitation provisions for persons under incapacities is spoken to in § 156 and no mention is made of exceptions for minors.

Johns, 1982 OK 10151 O.S. § 156

¶20 This Court has cited Johns for its precedential value multiple times since it was decided in 1982.Hamilton v. Vaden, 1986 OK 36721 P.2d 41212 O.S.1981 § 9612 O.S.1981 § 95See id. ¶ 20, at 419. We noted:

The only diversion from the course we have plotted here is found within the provisions of the Political Subdivision Tort Claim Act, 51 O.S. 1981 § 156Johns v. Wynnewood School Bd. of Educ., 656 P.2d 248Ross v. City of Shawnee, 683 P.2d 53551 O.S. 1981 § 156Reirdon v. Wilburton Bd. of Ed., 611 P.2d 23951 O.S. 1981 § 170

Hamilton, 1986 OK 36721 P.2d at 419Hall v. GEO Group, Inc., 2014 OK 22324 P.3d 39912 O.S. § 96Hall, an inmate alleged he was injured on September 7, 2010 while being transported in a van. See id. ¶ 3, at 402. On June 18, 2012, he filed a negligence action in the district court. Id. ¶ 5, at 402. In response to the prison's motion to dismiss based on the statute of limitations, the inmate responded that, pursuant to 12 O.S. § 9612 O.S.2011 § 95Id. ¶ 6, at 402. First, we determined compliance with the notice provisions of the GTCA was required for a prisoner, or former prisoner, to bring a tort action against a private correctional facility. Id. ¶¶ 1, 10-13, at 400, 403-04. Then, the Court looked at whether 12 O.S. § 96Id. ¶¶ 14-16, at 404-05. Citing Johns, we explained: "As for Hall's claims of tolling because he was under a legal disability we have previously held that where the GTCA includes specific provisions, the general statute of limitations does not apply." Id. ¶ 15, at 405 (footnotes omitted). We held that because the GTCA was controlling, 12 O.S. § 96See id. ¶ 14, at 404. Because the GTCA only tolls the notice period due to incapacity from the injury for 90 days, the case was dismissed as untimely. Id. ¶¶ 1, 10, 19, at 400-01, 404, 406.

¶21 Like the plaintiffs in Johns and Hall, the Crawfords argue that 12 O.S. § 96Johns, we said that when the GTCA controls, tolling the notice period is limited to § 156--which does not include incapacity due to minority--and § 96 does not apply. In Hall, we said when the GTCA controls, tolling of the notice period due to incapacity as a result of the injury is limited to 90 days, and § 96 does not apply. In this case, the GTCA also controls. We cannot square applying 12 O.S. § 96Johns and Hall.

¶22 Without explanation, the Crawfords assert that 12 O.S. § 9651 O.S. § 164

The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act.

51 O.S.2011 § 164See Cruse v. Bd. of Cty. Comm'rs of Atoka Cty., 1995 OK 143910 P.2d 99812 O.S.1991 § 100Rout v. Crescent Pub. Works Auth., 1994 OK 85878 P.2d 104512 O.S.1991 § 94051 O.S. § 156See Hall, 2014 OK 22where valid notice has been given and the governmental tort claims action has been timely filed under § 157, the court's power is invoked and, at that point, pursuant to the broad terms of 51 O.S.1991, § 164Cruse, 1995 OK 143

¶23 The GTCA is not silent as to when the notice period can be tolled. The GTCA's notice provisions, including the time limits for giving notice and when the notice period may be tolled are specific, detailed, and comprehensive. In Johns, we said:

Title 51 O.S. § 15651 O.S. §§ 156

Johns, 1982 OK 10151 O.S.Supp.1978 § 15612 O.S. § 9651 O.S. § 15651 O.S. § 164

¶24 This conclusion is consistent with the Legislature's limited waiver of sovereign immunity. See 51 O.S.2011 § 152.151 O.S.Supp.2015 § 153Cruse, 1995 OK 143Cruse, 1995 OK 143Id. ¶ 12, 1002-03.

¶25 The Crawfords did not give OSUMC timely notice of their tort claim in compliance with § 156. As a result, they have not brought themselves within the limited waiver of sovereign immunity contained in the GTCA. The Crawfords cannot invoke the jurisdiction of the district court.

IV. CONCLUSION

¶26 If the discovery rule applies to the underlying tort, it applies to the commencement of the one-year notice period in the GTCA. Thus, the discovery rule applies to medical negligence claims subject to the GTCA. The notice period provided in 51 O.S.Supp.2012 § 15651 O.S.Supp.2012 § 15612 O.S.2011 § 96

¶27 The discovery rule does not toll commencement of the one-year notice period until the Crawfords learned Dr. Hall was an employee of OSUMC. The one-year notice period commenced when C.C.C.'s eye was removed on June 21, 2017. The Crawfords did not give OSUMC notice of their tort claims within one year of the date the loss occurred. As a result, their claims against OSUMC are barred. The district court properly dismissed those claims for lack of jurisdiction. This matter is remanded for further proceedings.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF DISTRICT COURT IS AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS.

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Rowe, and Kuehn, JJ.

CONCUR IN RESULT: Combs (by separate writing) and Gurich, JJ.

DISSENT: Kauger (by separate writing) and Edmondson, JJ.

FOOTNOTES

See Calvert v. Swinford, 2016 OK 100382 P.3d 1028Masquat v. DaimlerChrysler Corp., 2008 OK 67195 P.3d 48Jarvis v. City of Stillwater, 1987 OK 5732 P.2d 470

At no point have the Crawfords advocated for equitable tolling based on fraudulent concealment. The Crawfords raise an estoppel argument for the first time in their Reply Brief. Estoppel was not raised below, and "[t]his Court does not make first-instance determinations of disputed issues of either law or fact in the exercise of its appellate jurisdiction." In re Guardianship of Stanfield, 2012 OK 8276 P.3d 989Cox Okla. Telecom, LLC, v. State ex rel. Okla. Corp. Comm'n, 2007 OK 55164 P.3d 150discovery rule applies to the statutory time limits in the GTCA.

51 O.S.Supp.2014 § 152

Watkins v. Central State Griffin Memorial Hospital, 2016 OK 71377 P.3d 12451 O.S. § 156Watkins, the plaintiff alleged hospital employees actively concealed information essential to her medical malpractice claims. See Watkins, 2016 OK 71Id. ¶¶ 30-31, at 132. In addition to finding a question of fact existed as to whether the doctrine of estoppel barred a defense based on the one-year limitation on notice, we also found "it is for the trier of fact to determine when [the plaintiff] knew, or in the exercise of reasonable diligence should have known, sufficient information to be aware of her claims." Id. ¶ 31, at 132. The Court was clearly referring to the discovery rule.

76 O.S.2011 § 18 the loss occurs." 51 O.S.Supp.2012 § 15651 O.S.Supp.2014 § 152

See 51 O.S.Supp.2014 § 152Anderson v. Eichner, 1994 OK 136890 P.2d 1329see also 51 O.S.2011 § 15451 O.S.Supp.2012 § 15651 O.S.Supp.2012 § 163See Lykins v. Saint Francis Hosp., Inc., 1995 OK 135917 P.2d 1

Stanfield, 2012 OK 8See Hall v. GEO Grp., Inc., 2014 OK 22324 P.3d 399See id. ¶¶ 1, 19, at 400, 406. Resolution of this issue affects whether notice was timely and, consequently, whether the district court had jurisdiction over the claims.

51 O.S.Supp.2012 § 156

See supra note 8.

Johns was decided, 51 O.S.Supp.1978 § 15651 O.S.Supp.2012 § 156

12 O.S. § 96

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed.

12 O.S.1971 § 96Id.; see Hamilton v. Vaden, 1986 OK 36721 P.2d 412

See, e.g., Hall, 2014 OK 22 Cruse v. Bd. of Cty. Comm'rs of Atoka Cty., 1995 OK 143910 P.2d 998Rout v. Crescent Pub. Works Auth., 1994 OK 85878 P.2d 1045In re Estate of Speake, 1987 OK 61743 P.2d 648Hamilton, 1986 OK 36721 P.2d at 419Ross v. City of Shawnee, 1984 OK 43683 P.2d 535

 

 

COMBS, J., with whom GURICH, J., joins, concurring in result:

¶1 I concur in result with the majority opinion that affirms dismissal of the Crawfords' claims against OSUMC for lack of subject matter jurisdiction based upon their failure to give timely notice under the Governmental Torts Claims Act (GTCA), 51 O.S.Supp.2017, § 156institution, hospital, college, university, public trust created pursuant to Title 60 of the Oklahoma Statutes of which the State of Oklahoma is the beneficiary, or other instrumentality thereof," id. § 152(13) (emphasis added), and requires "[a]ny person having a claim against the state . . . within the scope of Section 151 et seq. of this title [to] present a claim to the state . . . for any appropriate relief including the award of money damages . . . . within one (1) year of the date the loss occurs," id. § 156(A)--(B) (emphasis added). As a state institution and hospital affiliated with a public university, OSUMC is the "State" for purposes of our analysis, and the Crawfords' claims against OSUMC are "claim[s] against the state" for which notice is required.

¶2 I write separately, however, to emphasize the fact that dismissal of OSUMC from the lawsuit based upon failure to comply with the GTCA's notice requirements should not be viewed as foreclosing any action against Dr. Sawyer Hall, the resident physician or intern employed by OSUMC whose alleged misdiagnosis resulted in the loss of C.C.C.'s eye.

¶3 First, I wish to point out that nothing in the majority opinion should be viewed as a determination that Dr. Hall's actions in "practicing medicine or providing medical treatment to patients" were within the course and scope of his state employment and that he is therefore "immune from liability for torts" under section 152.1(A) of the GTCA,Anderson v. Eichner, 1994 OK 136890 P.2d 1329see id. ¶¶ 3, 5, 10, 890 P.2d at 1333--34, 1337--"to be outside the scope of their employment whenever they engage in the practice of medicine or in the provision of medical or surgical treatment, even though they also may be acting as teacher or student." Id. ¶ 11, 890 P.2d at 1337. Because the provision of medical treatment falls outside the scope of employment for resident physicians and interns like Dr. Hall, he would be individually liable for tortious conduct that occurred while he was providing medical treatment to C.C.C., but only up to the amount specified in section 154(E) of the GTCA. See Anderson, 1994 OK 136

¶4 The Anderson Court's holding is based upon the statutory language in section 152(7)(c) of the GTCA. Section 152(7) is "a definitional section that describes who are state employees." Anderson, 1994 OK 13651 O.S.Supp.1986, § 152Anderson case was decided, the definition of a state "employee" only included three classes of physicians: "[1] physicians acting in an administrative capacity, [2] resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma College of Medicine or the Oklahoma College of Osteopathic Medicine and Surgery and [3] faculty members of the University of Oklahoma College of medicine and the Oklahoma College of Osteopathic Medicine and Surgery, while engaged in their teaching duties." Id. ¶ 10 n.21, 890 P.2d at 1336 n.21 (quoting 51 O.S.Supp.1986, § 152Id. (quoting 51 O.S.Supp.1986, § 152Anderson Court determined that this proviso "clearly lays down the rule that, although the defendant physicians might otherwise be considered state employees when involved in the educational process, they nonetheless stand outside the scope of their employment whenever they engage in the practice of medicine. . . . The provisions of § 152 specifically remove from the scope of governmental immunity those acts of physicians educators and students which fall under the rubric of medical practice. For these acts the physician educators and students are subject to individual tort liability."Id. ¶¶ 14, 16, 890 P.2d at 1338--39. In support of their conclusion that resident physicians and interns are individually liable, the Anderson Court pointed to other provisions in the GTCA like section 156(G), which "mandates that claims against resident physicians or interns shall be made in accordance with Titles 12 (civil procedure) and 76 (torts) of the Oklahoma Statutes" rather than in accordance with the notice requirements set out in subsections (A) through (F). Id. ¶ 15 & n.28, 890 P.2d at 1338 & n.28 (citing 51 O.S.Supp.1986, § 156

¶5 Since Anderson, section 152 has been amended numerous times. Perhaps of most consequence to our analysis is the amendment occurring in 2002 as a result of Senate Bill 1571. That 2002 amendment added both a fourth class of physicians who qualify as state employees under subparagraph (b) and a limiting phrase to the final proviso in subparagraph (c):

(b) For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:

(1) physicians acting in an administrative capacity,

(2) resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University, and

(3) faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties., and

(4) physicians who practice medicine or act in an administrative capacity as an employee of this state"

Physician faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University not acting in an administrative capacity or engaged in teaching duties are not employees or agents of the state.

(c) Except as provided in subparagraph (b) of paragraph 5 of this section, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients.

Act of June 5, 2002, ch. 462, sec. 2, § 152(5)(b)--(c), 2002 Okla. Sess. Laws 1998, 2000--01. But that new limitation on the proviso did not disrupt the mechanics of how the proviso interacts with the other three classes of physicians set forth in divisions (1), (2), and (3) of subparagraph (b). The Legislature did not tinker with those three classes or add a limitation that specifically referenced everyone in those classes. The simultaneous amendments in subparagraphs (b) and (c) indicate that the Legislature only intended to exclude the class in the new division (4)--which is the only class of "physicians who practice medicine"--from the proviso in subparagraph (c) that renders the State not liable for "tortious conduct . . . [committed] while practicing medicine." If the Legislature had intended to exclude all classes in division (1), (2), (3), and (4) from the effects of the proviso in subparagraph (c), it could have done so with a deletion of the proviso altogether or with clearer language, like that appearing in House Bill 2637 from the same legislative session:

(c) In Except for physicians or interns defined as employees by subparagraph b of this paragraph, in no event shall the state or a political subdivision be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients.

HB 2637, 48th Leg., 2d Reg. Sess. (Okla. 2002) (enrolled version). House Bill 2637's language never became effective because it was both vetoed by Governor Keating on May 30, 2002, see Okla. H.R. Journal, 48th Leg., 2d Reg. Sess. 1986 (2002), and repealed by the Legislature in Senate Bill 1571, see Act of June 5, 2002, ch. 462, sec. 5, 2002 Okla. Sess. Laws at 2003. Furthermore, if we gave the new introductory limitation effect over all classes of physicians listed in subparagraph (b), it appears the proviso in subparagraph (c) would be rendered meaningless. Why would the Legislature use subparagraph (b) to define all physicians who qualify as state employees and the proviso in subparagraph (c) to specify that the State would never be liable for their tortious conduct while practicing medicine or providing medical treatment, and then use the new introductory limitation to restore the State's liability for all physicians who qualify as state employees? Such an interpretation would fail to give effect to every part of the statute, which is a result we strive to avoid when interpreting statutes.Anderson remain good law even after the 2002 amendment.

¶6 Since 2002, the Legislature has made several more amendments to the definition of a state "employee." None of the amendments changed subparagraph (c), and the Legislature's amendments to subparagraph (b) have only added additional classes of physicians who qualify as state employees. Some of those new classes are physicians who "provide medical care," see 51 O.S.Supp.2017, § 152see id. § 152(7)(b)(6). Based on our analysis of the 2002 amendment, the proviso in subparagraph (c) should only apply to those classes whose status as a state employee is not dependent upon their provision of medical care or treatment. None of these more recent amendments have tinkered with the mechanics of how the proviso in subparagraph (c) interacts with the classes of physicians identified in divisions (1), (2), and (3) of subparagraph (b), which includes resident physicians and interns. Thus, the holdings in Anderson remain good law today.

¶7 Second, I wish to point out that nothing in the majority opinion should be viewed as a determination that claims which may be brought against Dr. Hall are subject to the same GTCA notice requirements and are therefore barred for failure to give timely notice. They are not. Section 156 generally sets out the notice requirements that must be met to maintain an action against the State, but subsection (G) sets apart "[c]laims and suits against resident physicians or interns" as different from claims and suits against the State and directs plaintiffs to follow "the provisions of Titles 12 and 76 of the Oklahoma Statutes" in asserting such claims. Moreover, this Court previously held in Lykins v. Saint Francis Hospital, Inc., 1995 OK 135917 P.2d 1Id. ¶¶ 8, 10, 917 P.2d at 4--5 ("The defendant physicians [which include at least four resident physicians or interns] argue that as state employees within the meaning of the GTCA, they are subject to that Act's notice provisions. . . . The defendant physicians urge that the parents' failure to file with the State a notice of claim bars this tort action. . . . We are not persuaded by the argument advanced by the defendant physicians. . . . We hence reject the notion that the Act's public-tort procedures apply to the parents' claim."). Consequently, if the Crawfords ever pursue claims against Dr. Hall individually, they do not need to comply with the notice provisions in section 156(A) through (E) of the GTCA, nor should they worry about the 1-year deadline in section 156(B). The Crawfords only need to comply with the applicable procedure and deadlines set forth in Titles 12 and 76 of the Oklahoma Statutes.

¶8 Here, the confusion about which entity employed Dr. Hall is a direct result of the deception by perception engaged in by OSUMC, Dr. Hall, Saint Francis Hospital, Inc., and the other Defendants, and that confusion has only served to delay the Crawfords in their attempts to hold the responsible parties accountable.

¶9 In conclusion, the majority opinion does not foreclose any redress against Dr. Sawyer Hall.

FOOTNOTES

See generally 51 O.S.2011, § 152.1

See generally 51 O.S.Supp.2017, § 153

Anderson Court recognized that the Legislature had enacted a cap on the amount of their individual liability in section 154 of the GTCA; their liability would be limited to $100,000. Id. ¶ 15 & n.30, 890 P.2d at 1338 & n.30 (citing 51 O.S.Supp.1986, § 154

See, e.g., Cole v. Josey, 2019 OK 39457 P.3d 1007TWA v. McKinley, 1988 OK 5749 P.2d 108Darnell v. Chrysler Corp., 1984 OK 57687 P.2d 132

 

 

KAUGER, J., dissenting:

¶1 Four years after §164 was enacted, the Court, in Johns By and Through Johns v. Wynnewood School Bd. of Education, 1982 OK 101656 P.2d 24812 O.S. 1981 §96

¶2 At statehood, the Okla. Const. art. 5, §59, provided, and still does, that:

Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

In 1910, the Legislature moved to protect persons with disabilities which included minors.51 O.S. Supp. 1978 §164

The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act.

¶3 It is noteworthy that the tolling statute, 12 O.S. Supp. 1987 §96Johns, supra. It provides:

If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

The amendments, which are not dispositive of this cause because the injury occurred when the minor was four years old and the cause was filed eight months after the injury occurred, carved out a special tolling period for minors who pursued only medical malpractice claims. In 1991, in Mowles By and Through Mowles v. Hillcrest Heath Center, 1991 OK CIV APP 118832 P.2d 24

¶4 The Act does not conflict with either the constitution or the statute because, as Johns, supra, acknowledges, the tolling period exception for minors is not mentioned in the Act. The rationale the Court offered to reach its conclusion in Johns, supra, was that because no mention was made of exceptions for minors in the Act, it must be meant to be exclusive to all other laws. This rationale is unconvincing, as the Court later implied in Rout v. Crescent Public Works Authority, 1994 OK 85878 P.2d 1045

¶5 Rout concerned the issue of whether a general attorney fee statute, 12 O.S. 1991 §940

1) the Act is the exclusive remedy for an injured plaintiff to recover against a governmental entity for its negligence and that limitations within the Act control over general statutory law;

2) However, the Act is silent regarding attorney's fees and costs, and it does not speak to an award of fees to either party;

3) Subsection 164 provides that the laws and statutes of the State of Oklahoma shall apply to and govern all actions brought under the provisions of this act insofar as applicable and not inconsistent with Act; and

4) The fact that there are no specific provisions within the Act for attorney's fees and costs and 12 O.S. 1991 § 940

¶6 This is precisely the reasoning the Court should have utilized in Johns, supra. Under Okla. Const. art. 5 §59 and 51 O.S. Supp. 1978 §164

1) The Oklahoma Legislature intervened to protect the rights of children by enacting the minor savings clause in 12 O.S. 1910 §96

2) The savings statute serves to toll the applicable statute of limitations until a minor reaches majority;

3) It is the duty of the courts sedulously to guard the rights of minors. No presumption against an infant is permitted; rather every presumption is indulged in his/her favor;

4) The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to a disability;

5) This Court has a longstanding recognition that the statutory rights of minors and incompetents are to be enforced;

6) To allow the statute of limitations to run during the minority of a minor, the very period through which the minor needs and is entitled to the support of parents, defies reason;

7) Our jurisprudence in every other facet requires that the best interest of the child be considered;

8) The Court failed to enforce the text of the Constitution and the statute. It was wrong and Johns, supra, and Ross v. City of Shawnee, 1984 OK 43683 P.2d 535

¶7 In this cause, the majority opinion notes that several cases have cited Johns, supra for precedential value since it was decided in 1982.Ross v. City of Shawnee, 1984 OK 43683 P.2d 535Johns, supra,Johns, supra.

CONCLUSION

¶8 Because the Court did not consider the plain text of the Okla. Const. art. 5, §59Johns, supra, it reached the wrong conclusion. We should not perpetuate this mistake any longer. A plain reading of the texts of the Constitution and statute should be followed and Johns, supra, and Ross v. City of Shawnee, 1984 OK 43683 P.2d 535

FOOTNOTES

Hamilton By and Through Hamilton v. Vaden, 1986 OK 36721 P.2d 412

Hamilton By and Through Hamilton v. Vaden, see note 1, supra at ¶14.

51 O.S. Supp. 1978 §164

12 O.S. 2011 § 2201

A. Judicial notice shall be taken by the court of the common law, constitutions and public statutes in force in every state, territory and jurisdiction of the United States.

12 O.S. Supp. 1910 §96

If a person entitled to bring an action other than for the recovery of real property, except for a penalty for forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within (1) year after such disability shall be removed.

Brown v. Jimerson, 1993 OK CIV APP 158862 P.2d 91

12 O.S. Supp. 1979 §940

A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

B. Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit. The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned at the trial. If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to recover attorney's fees, court costs and interest. If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall incur their own attorney's fees, court costs and interest. And if the judgment rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest.

This statute has not been amended since enacted in 1979.

12 O.S. Supp. 1910 §96

Hamilton By and Through Hamilton v. Vaden, 1986 OK 36721 P.2d 412

Matter of Estate of Speake, 1987 OK 61743 P.2d 648

Sooner Fed. Sav. & Loan Ass'n, v. Smoot, 1995 OK 31894 P.2d 1082

Pickens v. Donaldson, 748 So.2d 684, authored by a Justice Sullivan of the Supreme Court of Mississippi, succinctly, and effectively explains why a minor tolling statute should apply to governmental tort claims acts and it is paraphrased as follows:

1) The Legislature, has in the past intervened to protect the rights of children by enacting the minor savings clause;
2) The savings statute serves to toll the applicable statute of limitations until that time when a minor reaches his majority;
3) The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability;
4) To allow the statute of limitations to run during the disability of the minor, the very period through which the minor needs and is entitled to the support of his parents, would defy reason;
5) We have previously held that the one-year statute of limitations in the Mississippi Tort Claims Act does not begin to run until the reasonable discovery of the negligence in latent injury cases and Mississippi's children deserve that same courtesy through tolling the statute of limitations to protect their rights during minority; 6) Allowing the statute of limitations to run during minority, "the very period through which the minor needs and is entitled to" the protection of the State, defies reason, and surely was not the intention of our Legislature;
7) Our children should be our first priority. Where a choice must be made, it is our children, not our State, who should be safeguarded by our laws;
8) In Marcum v. Hancock County Sch. Dist., 741 So.2d 234 (Miss.1999), we held that the MTCA was not subject to the minor's savings clause. We were wrong and I would overrule Marcum. I would read the savings clause into the MTCA, and open our courts to children.

Hamilton v. Vaden, 1986 OK 36721 P.2d 412Richards v. Freeman, 1952 OK 174247 P.2d 731Bowens v. Poor, 1990 OK CIV APP 112805 P.2d 692Freeman, v. Alex Brown & Sons, Inc., 73 F.3d 279, 282 (10th Cir. 1996) [tolling statute is applicable to legally-disabled person, regardless of whether the legally-disabled person is represented by a guardian who might otherwise bring action within normal time period.].

Hall v. The Geo Group, Inc., 2014 OK 22Cruse v. Board of County Commissioners of Atoka County, 1995 OK 143910 P.2d 998Rout v. Crescent Public Works Authority, 1994 OK 85878 P.2d 1045Matter of Estate of Speake, 1987 OK 61743 P.2d 648Hamilton by and Through Hamilton v. Vaden, 1986 OK 36721 P.2d 412Ross v. City of Shawnee, 1984 OK 43683 P.2d 535

Ross v. City of Shawnee, see note 14, supra, the only other case which also involved the question of whether a minor comply with the 120-day notice provisions of the Act. The Court relied on the holding of Johns, supra, to hold that minors must comply with the 120-day notice provision of the statute.

Hall v. The Geo Group, Inc, see note 14, supra, involved a prisoner who was allegedly injured while being transported to a medical appointment by a private prison facility. Two years and two months later, he filed a lawsuit against the prison for negligence, insisting that the limitation period was tolled due to his injury. Johns, infra, was cited in a footnote as follows: "Johns By and Through Johns v. Wynnewood School Bd. of Education, 1982 OK 101656 P.2d 24812 O.S. 1981 §96Cruse v. Board of County Commissioners of Atoka County, see note 14, supra, concerned a defendant who sought dismissal of a refiled action. Johns, was determined not to be dispositive. In Rout v. Crescent Public Works Authority, see note 14, supra, the Court stated that it agreed "with Rout concerning the general rules that the Act is the exclusive remedy for an injured plaintiff to recover against a governmental entity for its negligence and that limitations within the Act control over general statutory law. Johns v. Wynnewood School Bd. of Educ., 656 P.2d 248Matter of Estate of Speake, see note 10, supra, the dispositive issue was whether the one-year "recommencement-of-actions" provisions in 12 O.S. 1981 § 10058 O.S. 1981 §67Johns, supra, was used to acknowledge that among the familiar statutes that regulate the time for challenging judicial action or judgment are 51 O.S.Supp. 1986 § 156Hamilton By and Through Hamilton v. Vaden see note 13, supra, the Court stated that "defendants concede that the minority status of a child tolls the two year limitation period. The only diversion from the course we have plotted here is found within the provisions of the Political Subdivision Tort Claim Act, 51 O.S. 1981 § 156Johns v. Wynnewood School Bd. of Educ., 656 P.2d 248

Perkins v. ex rel. v. Dallas Center-Grimes, 727 N.2d 377 (Iowa 2007) because the Iowa legislature has never indicated any intent to incorporate a tolling provision into Municipal Tort Claims Act, we decline to do so; In Martinez v. Val Verde County Hospital District, 110 S. Western Rptr. 3d 480 (Court of Appeals of Texas, San Antonio 2003), the Court held that notice period of Texas Tort Claims Act was not tolled during minor's minority; In Martell v. Antelope Valley Hospital Medical Center, 67 Cal. App. 4th 978, 79 Cal. Rptr. 2d 329 (Ct. App. 2nd Dist, California 19998) the Court held that general statute of limitations for medical malpractice actions brought by minors did not apply to actions against public entity under Governmental Tort Claims Act.

South Bend Community Schools Corporation v. Widawski, 622 N.E. 2d 160, 162 (Indiana 1993) a minor was injured during a gym class and the Supreme Court of Indiana addressed whether the term "incapacitated," for the purpose of tolling a governmental tort claim, included the status of being a minor. The court held that it did, because minors are clearly restrained in their ability to provide self-care or to fully manage their own property. It reasoned that the legislature would not have provided tort claims notice protections for incapacitated persons yet intend to leave children unprotected. In Gailey v. Jerome County, 745 P.2d 1051, 1053 (Idaho 1987) the Idaho Supreme Court applied the minor savings statute to the governmental tort claims act because Idaho had a long-standing policy to shelter minor plaintiffs from the insensitive ticking of statutory clocks and failure to apply the tolling statute to notice requirements for such tort claims would be immediate, severe, and incongruous with the policy. In Hunter v. Northern Mason High School, 12 Wash. App. 304, 529 P.2d 898, 899 (1974) reached the same conclusion because legal disabilities of minors were established for the protection of minor, and not as a bar to the enforcement of their rights. In Tafoy v. Doe, 100 N.M. 328, 670 P.2d 582 (N.M. Ct. App. 1983), the New Mexico tort claims act, just like Oklahoma's, only expressly gave a tolling extension for anyone incapacitated "by reason of injury." The court concluded that because being a minor alone is a disability which tolls the general statute of limitations, there was no reason why the minor should not be similarly protected when the alleged wrongdoer is a governmental entity. In Hernandez v. City of Boston, 394 Mass. 45, 474 N.E.2d 166, 168 (Mass. Supreme Judicial Ct.) the court held that because the legislature did not provide for a shortened statute of limitations for minor in the tort claims act, the special statute of limitations for minor operated to toll the limitations period for claims brought under the act. It reached this conclusion because nothing in the act indicated an intent to exclude the minor tolling statute from being applicable to the act.

51 O.S. Supp. 1978 §164